UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAKIR MARIS ABDULLAH,   ) | |
|     Plaintiff,   ) | |
| )   | |
|        v.   ) | |
| )   | C.A. No. 05-11539-DPW |
| )   | |
| FRANCIS A. FORD, et al.,   ) | |
|     Defendants.   ) | |

FURTHER ORDER ON APPLICATION
TO PROCEED *IN FORMA PAUPERIS*

WOODLOCK, D.J.

On January 3, 2006, a Memorandum and Order (#5) entered denying Plaintiff's Motion to Proceed *in forma pauperis* (#1) without prejudice to resubmittal of a motion accompanied by his prison account statement for the relevant time period.  On January 18, 2006, Plaintiff's certified prison account statement (#6) was filed in compliance with the January 3, 2006 Memorandum and Order, however, Plaintiff has not resubmitted a renewed motion or application to proceed *in forma pauperis*.

Plaintiff's original Motion to Proceed *in forma pauperis* (#1) included a document entitled "Affidavit" in which Plaintiff states he has insufficient assets to pay the filing fee. However, that document is not signed by the Plaintiff, nor does it contain a declaration that the statements were made under the penalties of perjury, as required under 28 U.S.C. § 1915(a)(1). He has also failed to aver that he believes he is entitled to redress, as required.

Section 1915(a)(1) provides:

Subject to subsection (b), any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, <u>by a person who submits an affidavit that includes a statement of all assets such</u>

>   prisoner possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.

Id. (emphasis added).

The affidavit requirement contained in the *in forma pauperis* statute serves a deterrent function. Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993). In Rowland, the United States Supreme Court stated: "[o]ne who makes this affidavit exposes himself 'to the pains of perjury in a case of bad faith.' ... This constitutes a sanction important in protection of the public against a false or fraudulent invocation of the statute's benefits." Rowland v. California Men's Colony, Unit II Men's Advisory Council, 506 U.S. 194, 205 (1993) (quoting Adkins v. E.I. DuPont de Nemours & Co., 335 U.S. 331, 338, (1948) quoting Pothier v. Rodman, 261 U.S. 307, 309 (1923)). The perjury sanction is an important requirement in protecting the public against misuse of public funds by a litigant who has sufficient funds of his or her own, and against the filing of "frivolous or malicious" lawsuits funded by the public. Rowland, 506 U.S. at 205.

Although Plaintiff has now provided his prison account statement, I will not permit the Plaintiff to proceed *in forma pauperis* at this time, because he has not submitted the requisite Affidavit under § 1915(a)(1).[1]  However, I direct the clerk to send Plaintiff the standard Application form, and further direct that Plaintiff submit a completed Application to Proceed *in*

---

[1] I note that in order to facilitate compliance with § 1915(a)(1), the first paragraph of the standard Application to Proceed Without Prepayment of Fees and Affidavit form (form AO 240), typically used in the district court, contains a pre-printed declaration in support of the *in forma pauperis* request. This provision states: "I declare that I am unable to pay the costs of these proceedings and that I am entitled to relief sought in the complaint/petition/motion." Application to Proceed Without Prepayment of Fees and Affidavit (form AO 240).

*forma pauperis* within forty-two (42) days of the date of this Order.  Failure of Plaintiff to comply with this directive will result in dismissal of this action.

SO ORDERED.

Dated:  January 20, 2006                              /s/ Douglas P. Woodlock
                                                                DOUGLAS P. WOODLOCK
                                                                UNITED STATES DISTRICT JUDGE