UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAKIR MARIS ABDULLAH,      )<br>    Plaintiff,                             )<br>                                      )<br>           v.                             )<br>                                      )<br>                                      )<br>FRANCIS A. FORD, et al.,          )<br>    Defendants.                  ) | C.A. No. 05-11539-DPW |

FURTHER ORDER ON APPLICATION
TO PROCEED *IN FORMA PAUPERIS*
AND ORDER RE: ISSUANCE OF SUMMONSES

WOODLOCK, D.J.

On January 3, 2006, a Memorandum and Order (#5) entered denying Plaintiff's Motion to Proceed *in forma pauperis* (#1) without prejudice to renew upon the filing of his prison account statement for the relevant time period. On January 18, 2006, Plaintiff's certified prison account statement (#6) was filed in compliance with the January 3, 2006 Memorandum and Order. On January 20, 2006, a Memorandum and Order (#7) entered directing the Plaintiff to file an Affidavit pursuant to 28 U.S.C. § 1915(a)(1). Concomitantly, Plaintiff filed the requisite Application to Proceed Without Prepayment of Fees and Affidavit (#8), although the document was not docketed until January 23, 2006.

In his Affidavit (#8), Plaintiff declares he receives $20.00 to $25.00 per month from his mother, and has other assets (stocks, bonds, securities, etc.) valued at "[$]$34.643" and mutual funds worth $676.58. Additionally, the certified prison account balance information indicates that Plaintiff currently has a balance of $35.84 in his account, and that his average six month balance was $8.38. Upon review of both Plaintiff's Motion to Proceed *in forma pauperis* (#1) and his recent Affidavit, as well as his prison account statement, I find that Plaintiff has

demonstrated that he is without sufficient funds to pay the entire $250.00 filing fee at this time, and that he qualifies for *in forma pauperis status* under 28 U.S.C. § 1915. In light of this, I allow Plaintiff's Motion to Proceed *in forma pauperis*, and direct that the filing fee be assessed pursuant to 28 U.S.C. § 1915(b).

It is FURTHER ORDERED, that in view of the resolution of the filing fee issue in this case, and in accordance with the Memorandum and Order (#5) entered January 3, 2006, summonses shall now issue only with respect to Defendants Francis A. Ford, Clerk of Court for Worcester County, and Catherine Brennan, Assistant Clerk of Court.

Accordingly, the Clerk shall issue summonses as to these Defendants, and the United States Marshal shall bear all costs of service of these Defendants. Plaintiff is advised, however, that notwithstanding this directive, he is responsible for ensuring proper service on these Defendants, and for providing the United States Marshal with all necessary forms and proper addresses by which to effectuate proper service. Failure to effectuate service within 120 days of the date of this Order may result in dismissal of this action.

Based on the foregoing, it is hereby ORDERED:

1. Plaintiff Shakir Maris Abdullah is assessed an initial partial filing fee of **$1.68**, pursuant to 28 U.S.C. § 1915(b)(1);[1]

2. The remainder of the fee **$248.32** is to be assessed and collected in accordance with 28 U.S.C. § 1915(b)(2);

---

[1] The initial partial assessment represents 20% of the average monthly deposits for the six month period from July 17, 2005 through January 17, 2006. The current prison account certification filed on January 20, 2006 differs slightly from the certification filed on January 18, 2006 (#6), and the assessment is based on the current certification, resulting in a lower assessment of the initial filing fee. Because the Complaint was filed on July 15, 2005, the latter certification more accurately reflects the Plaintiff's prison account information for the relevant time period required under 28 U.S.C. § 1915(b).

3. The Clerk shall issue summonses as to Defendants Francis A. Ford, Clerk of Court for Worcester County, and Catherine Brennan, Assistant Clerk of Court; and

4. The United States Marshal shall bear all costs of service on the Defendants.  Failure to effectuate service within 120 days of the date of this Order may result in dismissal of this action.

SO ORDERED.

Dated: January 27, 2006                    /s/ Douglas P. Woodlock
                                           DOUGLAS P. WOODLOCK
                                           UNITED STATES DISTRICT JUDGE