UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____

)
SHAKIR MARIS ABDULLAH,                       )
     Plaintiff,                          )
                                         )
v.                                           )      C.A. NO. 05-11539-DPW
                                         )
FRANCIS H. FORD, Clerk, CATHERINE            )
BRENNAN, Assistant Clerk, and REVEREND       )
DANIEL IZZO,                                 )
     Defendants.                         )
_____)

## DEFENDANTS FRANCIS H. FORD AND CATHERINE BRENNAN'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS THE COMPLAINT FOR LACK OF SUBJECT MATTER JURISDICTION PURSUANT TO FED. R. CIV. P. 12(b)(1)

Defendants Francis H. Ford and Catherine Brennan in their official and individual capacities, move this Honorable Court to dismiss the Complaint with prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12 (b)(1). The federal courts are courts of limited jurisdiction and plaintiff's complaint does not satisfy the jurisdictional requirements of 28 U.S.C. § 1331.

## FACTS ALLEGED

Plaintiff alleges that on December 5, 2004 he received from Defendant Izzo a One Hundred Thousand Dollar bill, with instructions to forward the bill to the Clerk of Courts for the establishment of a legal fund. Complaint, ¶ 7. Plaintiff sent various letters to the Clerk of Courts inquiring about the status of his request over the next six weeks. ¶¶ 9, 10. On February 28, 2005, Assistant Clerk Brennan mailed the plaintiff a letter stating that the Clerk's Office did not establish legal funds. ¶ 11. Plaintiff further alleges that Assistant Clerk Brennan never returned the $100,000 bank note to him, instead mailing back a brand new counterfeit one

1

million dollar bill. ¶¶ 13, 14.  Plaintiff subsequently filed this suit seeking the return of his

money and emotional distress damages.  ¶¶ 26, 28.

**ARGUMENT**

**I.      THE COMPLAINT IS WITHOUT ANY FEDERAL JURISDICTIONAL BASIS
AND SHOULD BE DISMISSED PURSUANT TO FED. R. CIV. P. 12(b)(1)**.

It is well-settled that the jurisdiction of the federal courts is limited; no presumption of

federal jurisdiction exists.  Preston v. Purtell, 410 F.2d 234, 236 (7th Cir. 1969).  A complaint

must affirmatively aver such facts as will support the existence of federal jurisdiction. Id.

Plaintiff's complaint does not claim any grounds for federal jurisdiction, and as such must be

dismissed.  Conclusory statements that are unsupported by adequate factual allegations in the

complaint will not suffice to confer federal jurisdiction.  Stanturf v. Sipes, 335 F.2d 224, 229

(8th Cir. 1964).

Section 1331 of Title 28 of the United States Code provides federal jurisdiction for

matters arising under federal law.  28 U.S.C. 1331.  This jurisdiction may be founded upon

federal common law when: 1) the dispute implicates a unique federal interest; and 2) a

significant conflict between an identifiable federal policy or interest and the operation of state

law or the application of state law would frustrate specific objectives of federal legislation.

Boyle v. Unites Technologies Corp., 487 U.S. 500, 504 (1988).  Neither situation is implicated in

the present case.  Plaintiff's claims are not predicated on any federal law or statute, and there are

no federal public policy concerns at issue in this matter.  Plaintiff simply alleges deception and

fraud against the Clerks of Worcester Superior Court, clearly a state law cause of action.

"The presence or absence of federal-question jurisdiction is governed by the well-pleaded

complaint rule, which provides that federal jurisdiction exists only when a federal question is

2

presented on the face of the plaintiff's properly pleaded complaint." Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987). The well-pleaded complaint rule prohibits the exercise of federal jurisdiction if no federal claim appears within the four corners of the complaint. BIW Deceived v. Local S6, 132 F.3d 824, 831 (1st Cir. 1997). Here, plaintiff fails to properly present a federal question in his complaint, thus not reaching the threshold of the well-pleaded complaint rule. A court may look no further than the allegations contained in the plaintiff's well-pleaded complaint to determine the presence or absence of federal question jurisdiction. Franchise Tax Board v. Const. Laborers Vacation Trust, 463 U.S. 1, 9-10 (1983). The complaint alleges no cause of action that arises under federal law.

It is important for the federal courts to exercise restraint from exercising jurisdiction in areas that Congress has not assigned to them. OSI Defense Systems, et al. v. Universal Systems, et al., 392 F. Supp. 2d 1360, 1364 (Md. D. Fl. 2005). Plaintiff has alleged a state law cause of action, and as such, this Court lacks jurisdiction to hear his claim.

## CONCLUSION

In conclusion, Defendants Ford and Brennan respectfully request that this action be dismissed against them for the reasons stated above.

Respectfully Submitted,

FRANCIS FORD,
CATHERINE BRENNAN,
By Their Attorney,


/s/ Ernest L. Sarason, Jr.
/s/ Ernest L. Sarason, Jr.
Ernest L. Sarason, Jr., BBO # 441980
Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA  02108
(617) 727-2200   x 3220


Dated: March 10, 2006

## CERTIFICATE OF SERVICE

I, Ernest L. Sarason, Jr., hereby certify that on March 10, 2006, I served a copy of the above Motion to Dismiss upon the pro se plaintiff, by mailing a postage pre-paid copy to:

Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA  02324

/s/ Ernest L. Sarason, Jr.
/s/ Ernest L. Sarason, Jr.
Ernest L. Sarason, Jr.
Assistant Attorney General