UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAKIR MARIS ABDULLAH,
    Plaintiff,

                                    C.A. No. 05-11539-DPW

        v.

FRANCIS A. FORD, et al.,
    Defendants.

MEMORANDUM AND ORDER

WOODLOCK, D.J.

      Now before this Court is the Defendants' Motion to Dismiss for Lack of Jurisdiction (#15). The crux of the motion is that this Court lacks subject matter jurisdiction over this action because Plaintiff has not alleged a federal cause of action, but has merely stated state law claims based on deception and fraud. Motion to Dismiss (#15) at 2. Plaintiff has filed an Opposition to the Motion to Dismiss, asserting a claim under 42 U.S.C. § 1983. Opposition (#19).

      As I previously noted in the Memorandum and Order (#5) entered January 3, 2006:

> With respect to Plaintiff's claims against the other two Defendants, Ford and Brennan, I note that there are pleading deficiencies, and, as previously pointed out, substantial questions of fact as to whether any legal tender was actually received by the Defendant clerks from the Plaintiff. However, drawing all reasonable inferences in Plaintiff's favor,[1] I find that he has met the minimum pleading standard under Fed. R. Civ. P. 8(a), to set forth a claim under 42 U.S.C. § 1983 for conversion of funds by state actors (*i.e.,* state court clerks), and therefore I will not dismiss Plaintiff's claims against these Defendants *sua sponte*.

      Thus, I have already determined that Plaintiff has stated sufficiently a federal cause of action against the Defendants. The Defendants Motion to Dismiss fails to address this finding in

---

[1] See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) ("...the district court must give the plaintiff the benefit of all the suggested facts and must indulge all reasonable inferences in his favor.").

any substantive manner.  Moreover, as previously noted, this case raises questions of fact regarding the allegations of conversion by state actors of Plaintiff's property (money he alleges was sent to the Defendants).

Accordingly, having found this Court has subject matter jurisdiction over Plaintiff's claim pursuant to 42 U.S.C. § 1983, I deny the Defendants' Motion to Dismiss (#15) for lack of subject matter jurisdiction.  The question whether Plaintiff may succeed on the merits of any § 1983 claim remains, of course, to be seen.

Dated: March 23, 2006                    /s/ Douglas P. Woodlock
                                         DOUGLAS P. WOODLOCK
                                         UNITED STATES DISTRICT JUDGE