UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11539-DPW

Shakir Maris Abdulleh
        Plaintiff

    v.

FRANCIS A. FORD, Clerk
CATHERINE BRENNAN, Assistant
Clerk, REVEREND DANIEL IZZO
        Defendants.

PLAINTIFF'S REQUEST FOR SUBPOENA,
DUCES TECUM TO ISSUE FOR WORCESTER'S
CLERKS OFFICE DEPOSITS AND WITHDRAWALS
THAT THE COURT MAY CONDUCT AN IN CAMERA
INSPECTION OF SUCH DOCUMENTS

    Now comes the Plaintiff, Shakir Maris Abdullah, Pro Se
and request the Court pursuant to Federal Rule of
Civil Procedure 45 to issue a subpoena duces tecum
for production of the Worcester Clerks Office deposits
and withdrawals records from December 2004 to
and until the records are produce that the Court
may conduct an in camera Inspection of such records
for the following reasons:

1.

1) As Plaintiff has currently pointed out in exhibit #21 to Plaintiff's Reply to Defendants Francis Ford and Catherine Brennan Answer and Jury Demand that the Defendants Ford and Brennan do have Knowledge and information about the $100,000 bank note Plaintiff sent to them. (See exhibit #21 and argument #21 hereto attached).

2) Plaintiff now present additional evidence to support Request for subpoena duces tecum for an in camera inspection of documents.

3) Though this Honorable Court explained in its Memorandum and Order dated January 3, 2006 on page (9) attached hereto that: Moreover, the attachment in support of the Complaint show's a letter to "prison officials" dated November 19, 2004, apparently sent by Defendant Izzo, which indicates that Izzo himself questioned the validity of the note he sent. (See page 9 of 12 attached hereto from January 3, 2006 Memorandum and Order).

4) While these facts are true pertaining to this November 19, 2004 letter all the contents of the letter were not meant to be applied to Plaintiff. When Plaintiff received this letter from Defendant Brennan it had a highlighted area (done by Mr. Izzo himself) with a arrow pointing to the initial date the $100,000 bank note was sent to Plaintiff, mainly December 4, 2004.

2.

See attachment of November 19, 2004 in support of the Complaint attached hereto. This date of November 19, 2004 and the date Mr. Izzo sent plaintiff the $100,000 bank note on December 4, 2004 are actually two different dates. At no time did Mr. Izzo send Plaintiff a $10,000 bank note on November 19, 2004 but Mr. Izzo did sent Plaintiff a $100,000 bank note on December 4, 2004 as the letter indicate his first mailing to Plaintiff. Moreover, this " arrow pointing evidence" in this November 19, 2004 letter is also as interesting as the " arrow pointing evidence" in exhibit #21 above.

5) If the Court will take notice of the parenthesis at the bottom of the November 19, 2004 letter and the insertion between the parenthesis (I'm scared of some), indicate that someone had and did attempt to dissuade Mr. Izzo about the $100,000 donation he had sent plaintiff as well as paint a picture that he should be scared of prisoners too. However, the Defendants Ford and Brennan already had the $100,000 donation in their possession by then.

6) So, in response to the conversation Mr. Izzo had had with the Defendants Ford and Brennan. Mr. Izzo indicated to Defendant Ford and Brennan through his November 19, 2004 highlighted and arrow pointing letter that he just didn't randomly send

Plaintiff the $100,000 donation but that he had, in fact, received Plaintiff's name from a website posted by U.S.A. Today and then sent Plaintiff the $100,000 donation. See highlighted area to November 19, 2004 letter. Plaintiff believe this is the reason why Mr. Izzo refused any more communication with the Plaintiff. See returned envelopes attached hereto.

7) This is further proof connecting the Defendants Ford and Brennan to Plaintiff's allegations of receiving from Plaintiff the $100,000 bank note. The Court should take note of these facts because the Defendants Ford and Brennan through their attorney have been deliberately evasive to avoid the truth from surfacing.

8) And Plaintiff does not know whether or not it's a conflict of interest for Assistant Attorney General Ernest L. Sarason Jr. to represent the Defendants Ford and Brennan because Plaintiff filed a complaint against Defendants Ford and Brennan with the Office of the Attorney General and received the following attached June 27, 2005 letter from Assistant Attorney General Kurt N. Schwartz, Chief, Criminal Bureau. This is just another reason why Plaintiff should be provided an attorney.

4.

9) Nonetheless, Plaintiff has enclosed the $100,000 bank note that required the County Clerk signature, the County Judge signature and the County Treasurer signature. Then it was supposed to be deposited with the Court Clerk. However, Plaintiff received from the Clerks Ford and Brennan a fake One Million Dollar Bill.

Wherefore, because the Clerks were to deposit the donation with the Court Clerk there should be a record of any deposits and withdrawals made concerning this matter recorded, there in the treasurer account. The Court should issue the Subpoena Duces Tecum for the aforemention Reasons.

Respectfully Submitted,
Shakir Maris Abdullah, Pro Se
Shakir Maris Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

CERTIFICATE OF SERVICE

I, Shakir Maris Abdullah, Pro Se, hereby certify that on April 11, 2006, I served a copy of the Request For Subpoena duces tecum to Issue For Worcester's Clerks Office Deposits and Withdrawals that the Court May Conduct an In Camera Inspection of such Documents upon Ernest L. Sarason, Jr. Assistant Attorney General One Ashburton Place, 18th Floor, Boston, MA. 02108

Shakir Maris Abdullah Pro Se

5.

*Donation Letter* (handwritten)

*For: Court General Fund* (handwritten, left margin)

Shakir Maris Abdullah
OCCC
1 Administration Road
Bridgewater, MA. 02324

FILED
IN CLERKS OFFICE

EXHIBIT
21

2006 APR 13 P 12:49

U.S. DISTRICT COURT
DISTRICT OF MASS.

February 4, 2005

*Relating to this letter issue;* (handwritten)

FRANCIS A. FORD
CLERK OF THE COURT
ROOM 21 - COURT HOUSE
2 MAIN STREET
WORCESTER, MA. 01608-1176

Dear Mrs. Ford:

On December 6, 2004 I forwarded to your office a request

to establish a legal fund on my behalf with the clerk's

office.  However, this request was returned on December

10, directing me to provide a docket entry number.  There-

after, I forwarded you another letter on December 14, 2005

containing this requested information.  But, I have received

no reply from you concerning this matter to date.  Please

see attachments.

Would you kindly inform me of the status of this request

that I may proceed to retain a attorney to correct these

injustices.

Shakir Maris Abdullah
AKA Dennis Shelton
No(s); 90-1148; 1150-51

*I do not Know Petitioner* (handwritten)

*The Donation is For the Court For a "General Legal Fund" Rev Izzo* (handwritten)

Sincerely yours,

Shakir Maris Abdullah

Shakir Maris Abdullah

cc: file

Rev. Dan Izzo,

19) A letter from Plaintiff to First Justice Paul F. CoConto complaining about the actions of Clerks Ford and Brennan. Exhibit 19.

20) A letter from Plaintiff to Boston columnist Ryan Owen about the fake $1,000,000. Exhibit 20.

21) A letter from Plaintiff to Clerk of Court Francis A. Ford and a carbon copy to Reverend Dan Izzo. Here's what the Court should be made aware of about this particular letter. Once Mr. Izzo Received letter from Plaintiff, Mr. Izzo personally wrote "donation letter" at the top of the letter and then wrote "for a Court General Fund" in the left hand corner and placed a arrow pointing directly to the sentence in which Plaintiff had made to the Clerks Office to establish a legal fund. This arrow pointing letter is very interesting for two reasons. One, the Court does not know that Reverend Izzo sent this arrow pointing letter not to Plaintiff upon receipt but directly to Clerk of Court Francis A. Ford. And two, if Plaintiff had not sent the $100,000 bank note to Defendants Ford and Brennan, then there was no need for Mr. Izzo to direct their attention to the purpose of the $100,000 bank note. This is proof that both Ford and Brennan had and have knowledge and information about the $100,000 bank note Plaintiff sent them. See exhibit 21. Therefore, the Defendants Ford and Brennan assertions and or their responses about this entire matter have been deliberately false and the Court should make note of that. What Mr. Izzo was actually doing through his "arrow pointing letter" was directing Defendants Ford and Brennan what

5.

to do with the $100.000 Note received from Plaintiff on December 6, 2004 and then again on December 14, 2004 but they stole the money and converted it to their own use. Plaintiff only filed this donation letter with his complaint because Assistant Clerk Catherine Brennan had sent it to him on February 28, 2005. Moreover, Plaintiff filed with his initial complaint a letter sent to Francis A. Ford and marked as exhibit B to his complaint. Contained in this exhibit B was/is exhibits a thru f. All the documents contained in exhibit d to exhibit B were, in fact, sent to Francis A. Ford by Reverend Izzo himself. Plaintiff only received these documents from Defendant Brennan. Either way this "letter" is viewed, it indicates that both Defendants Ford and Brennan possessed the $100,000 bank note. Exhibit 21.

✳          ✳          ✳

## AFFIRMATIVE DEFENSE

Defendants Ford and Brennan First and Second Affirmative Defenses should be denied because the Defendants are not entitle to qualified immunity because what official (acting under the color of state law) doesn't know that it's not ok to convert someone else Hundred Thousand Dollar Certificate into their own use? An official cannot claim a defense of

6.

donation was genuine.[2]

Moreover, the attachment in support of the Complaint shows a letter to "prison officials"

dated November 19, 2004, apparently sent by Defendant Izzo, which indicates that Izzo himself

questioned the validity of the note he sent.   The letter states, in relevant part:

> Concerning the American Art Classic (AAC) $10,000 Note Specimen series 2004
> and or a worthless Stock Certificate. I mailed a letter to some prisoners because
> last week USA Today had an Internet news story concerning America's 2.2
> Million People in US Jails, the article had a link to "Prison Pen Pals" with names
> and Prison addresses of @65 people seeking Legal and or monetary help ....I
> wrote to this group asking them to ask the Court to endorse the specimen note
> under USC Title 12 sec 412 and Deposit the note with the Court Clerk for a Legal
> Fund (and to some a Trust and Text to Speech Software for Courts and Prisons.)
> If the Court has Special Drawing Right certificates/powers it maybe [sic] able to
> establish a limited Legal Fund Trusts under USC Title 12 sec 412.  I did want to
> inform the prisoners that I hold bearer instruments that the Court could use as
> collateral under USC Title 12 sec 342 In the form of National Bank Notes or
> Guaranteed National Bank Notes.  I do not know much about prison or that other
> Trust programs do exist, my goal is to provide the Courts with Text to Speech
> Software and a possible EXHILE OF PRISONER program to volunteer mining
> prison work camps in one of America's 1000s of abandoned silver mines.  As a
> member of the clergy I thought I should do something productive for the Courts
> and possible [sic] the prisoners.  It seems the entire mailing was a failure because
> [of] the novelty note.  If you have the $10,000 note specimen and or stock
> certificate you can keep it or throw it away.

Exhibit, letter dated November 4, 2004.

In another exhibit referencing 12 U.S.C. § 342, there is a handwritten notation from

Defendant Izzo which reads "PS You can throw out donation if you like; no reply needed."

Exhibit to Complaint.

Further, on the February 4, 2005 letter exhibit submitted by the Plaintiff in support of the

Complaint (from Plaintiff to Defendant Ford), there is a handwritten notation which appears to

---

[2]There is some discrepancy in the record with respect to whether the note was a $10,000
note or a $100,000 note.  Both amounts are listed within the exhibits.

9

*To the Court Clerk*

Dear Prison Officials:                              Nov 19th 2004

Mailroom;     *Donation Note for a General Legal Fund*

Concerning the American Art Classic (AAC ) $10,000 Note
Specimen series 2004 and or a worthless Stock Certificate.

I mailed a letter to some prisoners because
last week USA Today had an Internet news story concerning
America's 2.2 Million People in US Jails, the article had a link to
" Prison Pen Pals " with names and Prison addresses of @65
people seeking Legal and or monetary help and @ 35 kids under
21 with jail time over 3 years, out of @2100 prisoner postings.

I wrote to this group asking them to ask the Court to endorse the
specimen note under USC Title 12 sec 412 and Deposit the note
with the Court Clerk for a Legal Fund ( and to some a Trust and
Text to Speech Software for Courts and Prisons )

If the Court has Special Drawing Right certificates/powers it
maybe able to establish limited Legal Fund Trusts under USC Title
12 sec 412.

I did want to inform the prisoners that I hold bearer instruments
that the Court could use as collateral under USC Title 12 sec 342
In the form of National Bank Notes or Guaranteed National Bank
Notes.

I do not know much about prison or that other Trust programs do
exist , my goal is to provide the Courts with Text to Speech
Software and a possible EXHILE OF PRISONER program to
volunteer mining prison work camps in one of America's 1000s of
abandoned silver mines.

As a member of the clergy I thought I should do something
productive for the Courts and possible the prisoners.

It seems the entire mailing was a failure because the novelty
note.

If you have the $10,000 note specimen and or stock certificate
you can keep it or throw it away.

*No Reply Needed*

*( I'm scared of )*

Br. Dan Izzo
512 Onondaga Ave.
Syracuse, NY 13207

*Re:- mr Abdullah 12/04 1st mailing*

I can not help anyone now

Return to sender
Refused

Shakir Maris Abdullah
OCCC
One Administration Road
Bridgewater, MA 02324

Return to sender
Refused

Shakir Maris Abdullah
.C.C.C.
e Adminis    Road
Bridgewater, MA. 02324

BROCKTON MA
023 5
PM
6 MAY
2005

Navajo weaving    USA37

Navajo weaving    USA37



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

THOMAS F. REILLY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

June 27, 2005

Shakir Maris Abdullah
O.C.C.C.
1 Administration Road
Bridgewater, MA 02324

Dear Mr. Abdullah:

The Attorney General's Office has reviewed your recent inquiry to the Criminal Bureau for the purpose of deciding whether to assign this matter within the Criminal Bureau for a more comprehensive review of the facts, make an inquiry on your behalf, or intervene in this matter.

The Criminal Bureau of the Attorney General's Office receives inquiries and complaints on a daily basis from citizens, police departments and other governmental agencies. Every such inquiry and complaint is reviewed and a decision made whether to take action on the inquiry or complaint. In some instances, inquiries and complaints raise issues which generally are not handled by this office, do not fall within this office's jurisdiction, or are more appropriately handled by another agency.

This office has completed a review of your inquiry or complaint and decided not to take further action. I am sorry that this office cannot be of further assistance to you.

Sincerely,

Kurt N. Schwartz
Assistant Attorney General
Chief, Criminal Bureau

# UNITED STATES of AMERICA

Search

## TITLE 12 > CHAPTER 3 > SUBCHAPTER XII > § 412

## § 412. Application for notes; collateral required

*Release date: 2004-03-18*

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 92, 342 to 348, 349 to 352, 361, 372, or 373 of this title, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of sections 348a and 353 to 359 of this title, or bankers' acceptances purchased under the provisions of said sections 348a and 353 to 359 of this title, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under sections 348a and 353 to 359 of this title. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of Federal Reserve banks.



REGISTERED: X

County Clerk

County Judge

X    County Treasurer



Please Endorse and Deposit with Court Clerk for a General Legal Fund