UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE
2006 AUG -7 P 2:35
U.S. DISTRICT COURT
DISTRICT OF MASS

CIVIL ACTION NO.
05-11539-DPW

Shakir Mais Abdullah
   Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan,
Assistant Clerk
   Defendants.

All attached exhibits accompany this motion.

Exhibit A, B, C, D
Exhibit SMA 0049-0056
Exhibit SMA 0041-0048
Exhibit SMA 0037-0040
Exhibit SMA 0063-0066
Exhibit SMA 0027-0029

PLAINTIFF'S MOTION TO COMPEL PRODUCTION, INSPECTION AND COPYING OF DOCUMENTS PURSUANT TO FED. R. CIV. P. 37(a)

The plaintiff, pro se, moves the court for an order requiring the defendants to produce, and to permit the plaintiff, to inspect and to copy the following documents, the Worcester County Superior Court Clerk's Office treasury account deposits and withdrawals from December 14, 2004 up unto May 31, 2005.

1.

This motion is made on the ground that the plaintiff served a written request upon the defendants for production, inspection, and copying the above-mentioned documents, a copy of which is attached hereto as Exhibit A, and that the defendants objected to said production by a Response, a copy of which is attached hereto as Exhibit B.

The documents requested by the plaintiff contain relevant and material evidence in the above action and their production is necessary for the plaintiff to prepare his case.

1) When plaintiff initially filed the complaint, plaintiff stated in #8 to the complaint, "that on December 6, 2004 plaintiff mailed to Clerk of Court Francis A. Ford a copy of the christmas card and a copy of the One Hundred Thousand Dollar ($100,000) bank note Requesting Clerk Ford to establish a legal fund consistent with the instruction given in the christmas card."

2) In the answer and jury demand of defendants Ford and Brennan (attached hereto as Exhibit C), they emphatically and vehemently stated in their answer #8 " Defendants Ford and Brennan are without information or knowledge sufficient to form a belief about the truth of the allegations in this paragraph. To the extent the allegations in this paragraph call for a conclusion of fact or law, they are hereby denied."

2.

3) This answer that defendants Ford and Brennan provided was dishonest and a outright lie. See Exhibits SMA 0049-0056 attached hereto.

4) Also stated in plaintiff's complaint at #9 "Then around December 10, 2004 plaintiff received back the December 6, 2004 letter requesting that plaintiff provide the clerk's office with the docket number to his case in which plaintiff did on December 14, 2004."

5) In the answer and jury demand of defendants Ford and Brennan to plaintiff's complaint at #9, the defendants Ford and Brennan also emphatically and vehemently stated in their answer that they "are without information and knowledge sufficient to form a belief about the truth of the allegations in this paragraph. To the extent the allegations in this paragraph call for a conclusion of fact or law, they are hereby denied."

6) This answer that defendant Ford and Brennan provided was also dishonest and a outright lie. See Exhibits SMA 0041-0048 attached hereto.

3.

14) Moreover, exhibit SMA 0049 seem to suggest that there were, in fact, bank note deposits made within the clerk's office under USC Title 12 sec 342 and USC Title 12 sec 412 as early as December 2004.

15) Pursuant to Fed. R. Civ. P. 10(c), "Vouching," by adopting by reference a portion of an attached documents, the pleader does not necessarily "vouch" for the truth of all the contents of the documents. The attached document will be read in conjunction with the pleading that adopts it. Likewise, plaintiff does not vouch for all the SM+ exhibits 0037-0040 but submits them as a reference to the fact that a fake and counterfeit One Million Dollar Bill ($1,000,000) was, in fact, sent to plaintiff as alleged in plaintiff's complaint from the defendants Ford and Brennan.

16) Plaintiff has included as Exhibit "D" a letter dated January 7, 2005 from Prison Services Project Director Regina A. Mullen attesting to the fact that plaintiff sent a $100,000 bank note to the Worcester clerk office to establish a legal fund and not a $10,000 bank note.

6.

These facts among others warrant the ordering to compel discovery of the clerks office deposits and withdrawals records from December 14, 2004 to May 2005.

Dated: August 2, 2006

Respectfully submitted,
Shakir Manis Abdullah, Pro Se
Shakir Manis Abdullah, Pro Se
OCCC
One Administration Road
Bridgewater, MA. 02324

CERTIFICATE OF SERVICE

I, Shakir Manis Abdullah, pro se, hereby certify that on August 2, 2006, I served a copy of the plaintiff's Motion to Compel Production, Inspection and Copying of Documents Pursuant to Fed.R.Civ.P. 37(a) upon Ernest L. Sarason Jr., Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108.

Shakir Manis Abdullah, Pro Se

7.