FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
C.A. No. 05-11539-DPW

Shakir Maris Abdollah
        Plaintiff,

        V.

Francis A. Ford, Clerk
Catherine Brennan, Assistant
Clerk
        Defendants.

MOTION TO COMPEL DEFENDANT CATHERINE
BRENNAN TO ANSWER INTERROGATORIES

Plaintiff moves the Court for an order compelling
Defendant Catherine Brennan to answer Interro-
gatories Nos. 4, 8, 9, 10, 11, 12, and 15 heretofore
served on Defendant Catherine Brennan by
Plaintiff on the 30th day of June, 2006 which
Defendant Brennan has failed to answer
completely or refused to answer. Annexed to
this motion is a copy of the interrogatories
submitted, a copy of the answers thereto, and
an affidavit attached hereto.

1.

Respectfully submitted,

Shakir Mauis Abdullah, Pro Se

Shakir Manis Abdullah, Pro Se

Old Colony Correction Center

One Administration Road

Bridgewater, MA. 02324

August 8, 2006

## CERTIFICATE OF SERVICE

I, Shakir Manis Abdullah, pro se, hereby certify that on August 8th 2006, I served a copy of the Plaintiff's Motion to Compel Answers to Interrogatories upon Ernest L. Sarason Jr., Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108.

Shakir Manis Abdullah, Pro Se

2.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION N°.
C.A. N°. 05-11539-DPW

Shakir Maris Abdullah
    Plaintiff,

V.

Francis H. Ford, Clerk
Catherine Brennan, Assistant
Clerk
    Defendants.

PLAINTIFF'S AFFIDAVIT IN SUPPORT
OF MOTION TO COMPEL DEFENDANT
CATHERINE BRENNAN TO ANSWER
INTERROGATORIES

I, Shakir Maris Abdullah, pro se, under
oath depose and say:

1) That Defendant Catherine Brennan
failed to answer Interrogatory No. 4
completely and needs to answer the following:

a. What is the full Name, address, date and
Substance of superious and members in
Defendant's Brennan office whom she discussed

1.

this matter with and received statements from ?

b. What is the full name, address, date and substance of any such statement Defendant Catherine Brennan received from Assistant District Attorney Jame Lemire?

c. What is the full name, address, date and substance of any such statement Defendant Catherine Brennan received from Trooper John Conron of the CPAC office in Auburn MA.

2) That Defendant Catherine Brennan failed to answer Interrogatory No. 8 completely and needs to answer the following:

a. Did any agent or employee in the clerk's office (including the office manager) take or receive any statement, either oral or in writing, from any person, who had any information or knowledge relating to the alleged $100,000 Federal Reserve Bank Note Plaintiff sent to the clerk's office?

2.

3) That Defendant Catherine Brennan failed to answer Interrogatory <u>No. 9</u> completely and Needs to answer the following:

a. Did you at any time receive a fake One Million Dollar Bill ($1,000,000) from Reverend Daniel Izzo between the times of December 14, 2004 up unto February 28, 2005 via mail?

4) That Defendant Catherine Brennan failed to answer Interrogatory <u>No. 10</u> completely and Need to answer the following:

a. Do you know of anyone who has spoken with Reverend Daniel Izzo by telephone, written correspondence or otherwise between December 14, 2004 through May 31, 2005?

5) Defendant attorney has objected to Interrogatory <u>No. 11</u> and needs to be compelled to answer it for the following:

a. This request is for No other purpose than to help determine whether or not there was a $100,000 Federal Reserve bank note deposited by this employee(s) and if so, at whose request and for what reason it was deposited. This Request

3.

IN NO way would jeopardize the personal safety
and security of the employee(s) charged with
this responsibility as the Defendant attorney
alleges. On the other hand, what if Defendant
BRENNAN was responsible for receiving, recording,
depositing and disbursing all monies within the
division of the clerk's office who has subse-
quently spoken with Assistant District Attorney
James Lemire, Trooper John Conron of the CPAC
and her superiors about Plaintiff's allegations?
Her safety and security has not been jeopardized
but only pursued to find the truth and that's all
Plaintiff seeks in this matter, is the truth. The
Court should compel this interrogatory be answered.


6) That Defendant Catherine Brennan failed
to answer Interrogatory No. 12 completely and
needs to answer the following:


a. if no, has anyone in defendants office, staff
or employees deposited any of the aforementioned
bank notes or bonds mentioned in paragraph (12)
above in any clerk's office treasury account,
trust company or banking institution in the
Commonwealth of Massachusetts that you are
aware of?


4.

7) Defendant attorney has objected to Interrogatory **No. 15** and needs to be compelled to answer it for the following:

a. This Request is no more needed than Interrogatory No. 11. The banking institution or trust company will contain the precise dates deposits were made, accurate accounts of amounts deposited and correct records of withdrawals and who made the withdrawals. To limit plaintiff to this discovery would in essence deny him the right to effectively prepare and present his case to the court. The Court should likewise compel this interrogatory be answered.

Respectfully submitted,
Shakir Maris Abdullah, Pro Se

CERTIFICATE OF SERVICE

I, Shakir Maris Abdullah, pro se, hereby certify that on August 8th 2006, I served a copy of the Plaintiff Affidavit in Support of motion to Compel Defendant Catherine Brennan to Answers Interrogatories upon Ernest L. Sarason Jr., Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108

Shakir Maris Abdullah
Pro Se

5.

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11539-DPW

Shakir Maris Abdullah
    Plaintiff,

   V.

Francis A. Ford, Clerk
Catherine Brennan, Assistant
Clerk,
    Defendants.

PLAINTIFF'S SECOND SET OF
INTERROGATORIES TO DEFENDANTS
FRANCIS A. FORD AND CATHERINE BRENNAN

In accordance with Rule 33 of the Federal Rules of Civil Procedure, Plaintiff request FRANCIS A. FORD and Catherine Brennan answer the following interrogatories separately and fully in writing under oath and that the answers be signed by the person making them and be served on plaintiff within 30 days of service hereof.

In responding to these interrogatories, furnish all information which is available to you, including information in the possession of your attorneys or investigators for your attorney, and not merely information known of your own personal knowledge.

1.

If you cannot answer the following interrogatories in full, after exercising due diligence to secure the information to do so, so state, and answer to the extent possible, specifying your inability to answer the remainder, and stating whatever information or knowledge you have concerning the unanswered portions.

These interrogatories shall be deemed continuing so as to require supplemental answers pursuant to Fed. R. Civ. P. 26 (e) as new and different information materializes.

1. State your name, address, occupation and business address.

2. Please describe in detail your educational history.

3. Please describe in detail your employment history.

4. Please identify by full name and address all persons from whom you have obtained written (signed or unsigned) or oral statements regarding the occurrences alleged in plaintiff's complaint, and set forth dates and subtance of any such statements.

2.

5. Please identify by full name, address and occupation each person that was presented with plaintiff's December 6, 2004 or December 14, 2004 Requests to establish a legal fund including (judges and other court or county officials) and their responses and actions to the request?

6. State whether or not you ever made or gave any statement, whether oral or in writing to your attorney, investigator or agent concerning what happened to the alleged $100,000 Federal Reserve Bank Note plaintiff sent to your office?

7. If your answer to the preceding interrogatory is in the affirmative, state:

(a) the name and address of each person to whom you made or gave any such statement;

(b) the date of each such statement,

(c) the form of each such statement, whether oral, in writing, stenographic transcription, or otherwise,

(d) the name and address of each person now having possession or custody of any such statement,

3.

(e) the substance and content, as best you Recall, of each such statement.

8. Did you or any agent or employee in the clerk's office (including the office manager) ever take or receive any statement, either oral or in writing, from any person, who had any information or knowledge Relating to the alleged $100,000 Federal Reserve Bank Note plaintiff sent to the clerk's office?

9. Did you at anytime receive a fake One Million Dollar Bill ($1,000,000) from Reverend Daniel Izzo between the times of December 14, 2004 up unto February 28, 2005 via mail?

(a) If yes, did Reverend Izzo explain why he sent it?

(b) was any written record or report made of the receipt of the $1,000,000 by the clerk's office?

(c) were there a note letter or instructions accompanying the $1,000,000 Bill indicating to either defendant what should be done with it?

10. Have you spoke with Reverend Daniel Izzo by telephone, written correspondence or otherwise between December 14, 2004 thru May 31, 2005 or know of anyone who has?

4.

(2) If yes, provide their names, addresses and telephone numbers.

11. What is the full name and address of the person that receives, records, deposits and disburses all monies (bonds, bank notes, cash, checks, money orders and currency of any kind), within the division of the defendants office?

(a) is this the same person that received, recorded, deposited and issued disbursements from December 14, 2004 to May 31, 2005 within the division of the defendants office?

(b) if not, provide the name and address of the person that received, recorded, deposited and issued disbursements from December 14, 2004 to May 31, 2005 within the division of the defendants office.

12. Have either defendant ever deposited any National Bank Notes, Federal Reserve Bank Notes, Fidelity Corporation Notes, Pennsylvania Company Notes or any kind of Bank Notes or Bonds under USC Title 12 section 342 or USC Title 12 section 412 received from Reverend Daniel Izzo at any time with the Clerk's Office treasury account, or any trust company or any banking institution from December 14, 2004 to May 31, 2005?

5.

(a) if yes, describe in detail.

(b) if NO, has anyone in defendants office, staff and or employees deposited any of the aforementioned bank notes or bonds mentioned in paragraph (12) above in any clerk's office treasury account, trust company or banking institution in the Commonwealth of Massachusetts that you are aware of?

13. Have either defendant ever deposited any National Bank Notes, Federal Reserve Bank Notes, Fidelity Corporation Notes, Pennsylvania Company Notes or any kind of Bank Notes or Bonds received from Reverend Daniel Izzo into their personal savings or checking accounts from December 14, 2004 to May 31, 2005?

14. Has either defendant ever deposited a $100,000 dollar Federal Reserve Bank Note under USC Title 12 section 412 with the clerk's office treasury account or any banking institution or trust company that the clerk's office uses for making deposits and withdrawals from December 14, 2004 to May 31, 2005?

6.

15. What banking institution or trust company did the clerk's office use to make deposits and withdrawals to and from including the banks address and manager's name from December 14, 2004 to May 31, 2005?

16. Were there any written reports, logs or records made and kept of all letters, messages, correspondences and all bank notes and bonds defendants received from Reverend Daniel Izzo at anytime?

(a) if yes, state the date, month and year received;

(b) provide copies of such written reports, logs or records.

17. State the name and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the requests and questions described in these interrogatories?

18. State the name and title of the person that received and opened all mail (letters and correspondences) from Reverend Daniel Izzo from December 14, 2004 to this present date.

7.

19. Do you, your attorney, or any person employed by you or your attorney, have possession or know of the existence of any records, reports made in the ordinary course of business, other printed or documentary material, or documents, or other tangible objects that are relevant to the Requests and questions described in these interrogatories?

20. If yes, state:

(a) The Name and description of each such item;

(b) The Name and address of each person who made, prepared or took each such item;

(c) The Name and address of the present Custodian of each such item;

(d) The date, time and place where each such item was made, prepared or taken;

(e) The method by and purpose for which each such item was made, prepared or taken;

(f) The manner in which each such item is Relevant to the requests and questions described in these interrogatories.

8.

Respectfully submitted,
Shakir Maris Abdullah, Pro Se
Shakir Maris Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

CERTIFICATE OF SERVICE

I, Shakir Maris Abdullah, Pro Se, hereby
certify that on June 30, 2006 I served
a copy of Plaintiff's Second Set of
Interrogatories to Defendants Francis
A. Ford and Catherine Brennan upon
Ernest L. Sarason Jr., Assistant
Attorney General, One Ashburton Place
18th Floor, Boston, MA. 02108

Shakir Maris Abdullah

9.

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

SHAKIR MARIS ABDULLAH,          )
    Plaintiff,          )
                )
v.          )          C.A. NO. 05-11539-DPW
                )
FRANCIS A. FORD, Clerk, CATHERINE          )
BRENNAN, Assistant Clerk, and REVEREND          )
DANIEL IZZO,          )
    Defendants.          )

## DEFENDANT CATHERINE BRENNAN'S ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

### GENERAL OBJECTIONS

1.    The Defendant, Catherine Brennan, objects to any interrogatory to the extent that it seeks information protected by the work product doctrine, attorney-client privilege, or any other privilege.

2.    Catherine Brennan objects to any interrogatory to the extent that it seeks to impose discovery obligations that exceed those imposed by the Federal Rules of Civil Procedure.

3.    Catherine Brennan objects to any interrogatory to the extent that it seeks to discover information that is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4.    Catherine Brennan objects to any interrogatory that is not reasonably limited as to time and/or fails to identify the pertinent time period.

5.    Catherine Brennan objects to any interrogatory that is overly broad and/or unduly burdensome.

1

JUL. 3 2006 1:05 APM 1539 DPWEY BNLEAIA 617 227307 Filed 08/14/2006 NO. 447

6. By making these responses, Catherine Brennan does not concede that the information produced is properly discoverable or admissible and the defendant reserves the right to object to additional discovery with respect to the subject matter and to object to the introduction of these responses into evidence. A response made despite a stated objection may not be construed as a waiver of the stated objection and such a response is made in a effort to provide responsive information based on a fair reading of the interrogatory's intended meaning. In addition, Catherine Brennan's discovery and investigation herein are ongoing and the responses set forth here are based upon current information. Catherine Brennan reserves the right to present further or different evidence at hearings or trials on this matter.

7. Catherine Brennan hereby incorporates each of the preceding objections into each of her specific responses that are set forth below.

8. Catherine Brennan reserves the right to supplement these responses at a later date as more responsive information becomes available.

## INTERROGATORY NO. 1

State your name, address, occupation and business address.

## ANSWER NO. 1

The Defendant objects to this interrogatory on the grounds that it seeks information protected by G.L. c. 66A. Without waiving said objection, the Defendants answers as follows: Catherine Brennan, Assistant Clerk of Courts for Worcester Superior Court, 2 Main Street, Worcester, MA 01608.

## INTERROGATORY NO. 2

Please describe in detail your educational history.

## ANSWER NO. 2

Objection. This interrogatory is irrelevant and unlikely to lead to discoverable evidence.

2

Without waiving said objection, the Defendant responds as follows:

Anna Maria College, Master's Degree in Criminal Justice.

## INTERROGATORY NO. 3

Please describe in detail your employment history.

## ANSWER NO. 3

I have been employed by the Commonwealth of Massachusetts Trial Court for the past twenty-five years.

## INTERROGATORY NO. 4

Please identify by full name and address all persons from whom you have obtained written (signed or unsigned) or oral statements regarding the occurrences alleged in plaintiff's complaint, and set forth dates and substance of any such statements.

## ANSWER NO. 4

I have discussed this matter with my superiors and other members of my office on various occasions. Assistant District Attorney James Lemire also was involved at some point and I believe that Trooper John Conron of the CPAC office in Auburn, MA was also contacted.

## INTERROGATORY NO. 5

Please identify by full name, address and occupation each person that was presented with plaintiff's December 6, 2004 or December 14, 2004 requests to establish a legal fund including (judges and other court or county officials) and their responses and actions to the request?

## ANSWER NO. 5

I was. Please see answer to Interrogatory Number 1.

## INTERROGATORY NO. 6

State whether or not you ever made or gave any statement, whether oral or in writing to your attorney, investigator or agent concerning what happened to the alleged $100,000 Federal Reserve Bank Note plaintiff sent to your office?

3

## ANSWER NO. 6

No, I have not.

## INTERROGATORY NO. 7

If your answer to the preceding interrogatory is in the affirmative, state:

a) the name and address of each person to whom you made or gave any such statement;

b) the date of each such statement;

c) the form of each such statement, whether oral, in writing, stenographic, transcription or otherwise;

d) the name and address of each person now having possession or custody of any such statement; and

e) the substance and content, as best you recall, of each such statement.

## ANSWER NO. 7

No answer is required.

## INTERROGATORY NO. 8

Did you or any agent or employee in the clerk's office (including the office manager) ever take or receive any statement, either oral or in writing, from any person, who had any information or knowledge relating to the alleged $100,000 Federal Reserve Bank Note plaintiff sent to the clerk's office?

## ANSWER NO. 8

I never took or received any statements from anyone regarding the alleged $100,000 Federal Reserve Note.

## INTERROGATORY NO. 9

Did you at any time receive a fake One Million Dollar Bill ($1,000,000) from Reverend Daniel Izzo between the times of December 14, 2004 up unto February 28, 2005 via mail?

a) If yes, did Reverend Izzo explain why he sent it?

4

b)   Was any written record or report made of the receipt of the $1,000,000 by the clerk's office?

c)   Were there a note letter or instructions accompanying the $1,000,000 bill indicating to either defendant what should be done with it?

## ANSWER NO. 9

Worcester Superior Court Clerk's Office has on file all documents filed by the plaintiff pertaining to this matter.

## INTERROGATORY NO. 10

Have you spoke with Revered Daniel Izzo by telephone, written correspondence or otherwise between December 14, 2004 through May 31, 2005 or know of anyone who has?

a)   If yes, provide their names, addresses and telephone numbers.

## ANSWER NO. 10

No, I have not spoken with Revered Daniel Izzo.

## INTERROGATORY NO. 11

What is the full name and address of the person that receives, records, deposits and disburses all monies (bonds, bank notes, cash, checks, money orders and currency of any kind), within the division of the defendant's office?

a)   is this the same person that received, recorded, deposited and issued disbursements from December 14, 2004 to May 31, 2005 within the division of the defendants' office?

b)   if not, provide the name and address of the person that received, recorded, deposited and issued disbursements from December 14, 2004 to May 31, 2005 within the division of the defendants' office.

## ANSWER NO. 11

Objection. This interrogatory is irrelevant and unlikely to lead to discoverable evidence. Answering this interrogatory would also jeopardize the personal safety and security of the employee(s) charged with this responsibility.

5

## INTERROGATORY NO. 12

Have either defendant ever deposited any National Bank Notes, Fidelity Corporation Notes, Pennsylvania Company Notes or any kind of Bank Notes or bonds under Title 12 section 342 or USC Title 12 section 412 received from Reverend Daniel Izzo at any time with the clerk's office treasury account, or any trust company or any banking institution from December 14, 2004 to May 31, 2005?

a)     if yes, describe in detail.

b)     if no, has anyone in defendan:s office, staff or employees deposited any of the aforementioned bank notes or bonds mentioned in paragraph (12) above in any clerk's office treasury account, trust company or banking institution in the Commonwealth of Massachusetts that you are aware of?

## ANSWER NO. 12

No, I have not.

## INTERROGATORY NO. 13

Have either defendant ever deposited any National Bank Notes, Federal Reserve Bank Notes, Fidelity Corporation Notes, Pennsylvania Company Notes or any kind of bank notes or bonds received from Revered Daniel Izzo into their personal savings or checking accounts from December 14, 2004 to May 31, 2005?

## ANSWER NO. 13

No, I have not.

## INTERROGATORY NO. 14

Has either defendant ever deposited a $100,000 dollar Federal Reserve Bank Note under USC Title 12 section 412 with the clerk's office treasury account or any banking institution or trust company that the clerk's office uses for making deposits and withdrawals from December 14, 2004 to May 31, 2005?

## ANSWER NO. 14

No, I have not.

6

## INTERROGATORY NO. 15

What banking institution or trust company did the clerk's office use to make deposits and withdrawals to and from including the banks address and manager's name from December 14, 2004 to May 31, 2005?

## ANSWER NO. 15

Objection. This interrogatory is irrelevant and unlikely to lead to discoverable evidence.

## INTERROGATORY NO. 16

Were there any written reports, logs or records made and kept of all letters, messages, correspondence and all bank notes and bonds defendants received from Reverend Daniel Izzo at anytime?

a)      if yes, state the date, month and year received;

b)      provide copies of such written reports, logs or records.

## ANSWER NO. 16

No, there were not.

## INTERROGATORY NO. 17

State the name and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the requests and questions described in these interrogatories?

## ANSWER NO. 17

I do not know of any such person.

## INTERROGATORY NO. 18

State the name and title of the person that received and opened all mail (letters and correspondences) from Revered Daniel Izzo from December 14, 2004 to this present date.

## ANSWER NO. 18

I do not know the answer to this Interrogatory.

7

## INTERROGATORY NO. 19

Do you, your attorney, or any person employed by you or your attorney have possession or know of the existence of any records, reports made in the ordinary course of business, other printed or documentary material, or documents, or other tangible objects that are relevant to the requests and questions described in these interrogatories?

## ANSWER NO. 19

Yes.

## INTERROGATORY NO. 20

If yes, state:

a)     the name and description of each such item;

b)     the name and address of each person who made, prepared, or took each such item;

c)     the name and address of the present custodian of each such item;

d)     the date, time and place where each such item was made, prepared or taken;

e)     the method by and purpose for which each such item was made, prepared or taken;

f)     the manner in which each such item is relevant to the requests and questions described in these interrogatories.

## ANSWER NO. 20

All documents related to this matter are on file at the Worcester Superior Court Clerk's Office and have been previously produced to the Plaintiff.

Signed under the pains and penalties of perjury, this 2nd day of August, 2006.

Catherine Brennan

8

As to Objections:

Ernest L. Sarason, Jr., BBO # 441980
Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200 x 2596

9