UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION No.
05-11539-DPW

Shakir Maris Abdullah,
    Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan, Assistant
Clerk,
    Defendants.

## Motion For Order Compelling Production

Plaintiff, Shakir Maris Abdullah, pro se, moves the court for an order requiring defendants Francis A. Ford and Catherine Brennan;

(1) To produce and to permit plaintiff to inspect and to copy each of the following documents:

a. All statements and interviews given by defendants to their superiors and staff members regarding the allegations in plaintiff's complaint.

-1-

b. All statements and interviews given to and received from defendants to Assistant District Attorney James Lemire regarding the allegations in plaintiff's complaint.

c. All statements and interviews given to and received from defendants to Trooper John Conron of the CPAC office in Auburn, MA regarding the allegations in plaintiff's complaint.

Plaintiff did previously, on the 30th day of June, 2006 serve a Request upon defendants for the above discovery and inspection. Defendants did on the 14th day of July 2006 serve upon plaintiff written response to the request, stating that all relevant documents in the defendants' possession, custody or control have been previously produced to the plaintiff, Bates Labeled Numbers SMH 0001-0066. However, defendants has the possession, custody or control of each of the foregoing documents above mentioned and each of them constitutes or contains evidence relevant and material to a matter involved in this action, as is more fully shown in Exhibits C and D hereto attached.

2.

August 16, 2006

Respectfully submitted,
Shakir Maris Abdullah Pro Se
Shakir Maris Abdullah Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

## AFFIDAVIT

I, Shakir Maris Abdullah, pro se, under oath depose and say:

1) That on June 30, 2006 I served on the Defendants Ford and Brennan plaintiff's Second Request for production of documents to the defendants Francis A. Ford and Catherine Brennan requesting the following documents from the defendants among other things:

a. Any and all documents, reports and/or Recordings containing statements by any defendant or agent, servant or employee of the defendants, which relate to the occurrences

3.

alleged in the plaintiff's complaint, including transcriptions of oral statements.

b. Any and all documents, reports and/or recording containing statements by any person, including the defendants which relate to the occurrences alleged in plaintiff's complaint, including transcriptions of oral statements.

c. Copies of any and all reports or investigative reports, in your possession, that were prepared in connection with the occurrences alleged in plaintiff's complaint, including any statements by the defendants.

d. Copies of any and all documents identified or referred to in defendants responses to the interrogatories propounded by the plaintiff in this action.

2) Defendant's Ford and Brennan Responses to the above mentioned requests were, "All relevant documents in the defendants' possession, custody or control have been previously produced to the plaintiff, Bates Labeled Numbers SMA 0001-0066 and The defendants have no documents

4.

Responsive to this request." See exhibit attached as B.

3. That on August 2, 2006 when plaintiff received answers to second set of interrogatories from defendant Catherine Brennan there was an admission that defendant Brennan had spoken with her superiors and other members of her office as well as Assistant District Attorney James Lemire and Trooper John Conron of the CPAC office in Auburn, MA but never provided plaintiff with copies of these statements and interviews as previously requested. See interrogatory No. 4 and answer to exhibit C attached hereto.

4. That on August 7, 2006 when plaintiff received answers to second set of interrogatories from defendant Francis A. Ford there was an admission that defendant Ford had spoken with members of his staff and Assistant District Attorney James Lemire but never provided plaintiff with copies of these statement and interviews as previously requested by plaintiff. See interrogatory No. 4 and answer to exhibit D attached hereto.

5.

Respectfully submitted,

Shakir Maris Abdullah, Pro Se
Shakir Maris Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

## Certificate Of Service

I, Shakir Maris Abdullah, pro se, hereby certify that on August 16, 2006, I served a copy of the Plaintiff's Motion for Order Compelling Production and Affidavit upon Ernest L. Sareson Jr., Assistant Attorney General, One Ashburton Place, 18th Floor Boston, MA.

Shakir Maris Abdullah Pro Se

6.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11539-DPW

Shakir Manis Abdullah
    Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan, Assistant Clerk
    Defendants.

PLAINTIFF'S AFFIDAVIT IN SUPPORT OF MOTION TO COMPEL DEFENDANT FRANCIS A. FORD TO ANSWER INTERROGATORIES

I, Shakir Manis Abdullah, pro se, under oath depose and say:

1) That Defendant Francis A. Ford failed to answer Interrogatory No. 4 completely and needs to answer the following:

a. What is the full name, address and substance of staff members in Defendant Ford's office

1.

whom he discussed this matter with and received statements from?

b. What is the full name, address and substance of any such statement Defendant Francis A. Ford received from Assistant District Attorney James Lemire?

2) That Defendant Francis A. Ford failed to answer Interrogatory No. 6 completely and needs to answer the following:

a. State whether or not you ever made or gave any statement, whether oral or in writing to your attorney, investigator or agent concerning what happened to the alleged $100,000 Federal Reserve Bank Note plaintiff sent to your office?

3) That Defendant Francis A. Ford failed to answer Interrogatory No. 8 completely and needs to answer the following?

a. Did any agent or employee in the clerk's office (including the office manager) take or receive any statement, either oral or in writing, from any person, who had any information or knowledge relating to the alleged $100,000 Federal Reserve Bank Note Plaintiff sent to the clerk's office?

2.

4) Defendant attorney has objected to Interrogatory No. 11 and needs to be compelled to answer it for the following:

a. This request is for no other purpose than to help determine whether or not there was a $100,000 Federal Reserve Bank Note deposited by this employee(s) and if so, at whose request and for what reason it was deposited. This request in no way would jeopardize the personal safety and security of the employee(s) charged with this responsibility as the Defendant Attorney alleges. On the other hand, what if Defendant was responsible for receiving, recording, depositing and disbursing all monies within the division of the clerk's office who has subsequently spoken with Assistant District Attorney James Lemire. Plaintiff will never gain access to the truth. On the other hand Defendant Ford's safety and security has not been jeopardized but only pursued to find the truth and that's all Plaintiff seek and has sought in this matter, is the truth. The Court should compel this interrogatory be answered.

5) That Defendant Francis A. Ford failed to answer Interrogatory No. 12 completely and needs to answer the following:

3.

a. if NO, has anyone in defendants office, staff or employees deposited any of the aforementioned bank notes or bonds mentioned in paragraph (12) above in any clerk's office treasury account, trust company or banking institution in the Commonwealth of Massachusetts that you are aware of?

6) Defendant attorney has objected to Interrogatory No. 15 and needs to be compelled to answer it for the following:

a. This request is no more needed than Interrogatory No. 11. The banking institution or trust company will contain the precise dates deposits were made, accurate accounts of amounts deposited and correct records of withdrawals and who made the withdrawals. To limit the plaintiff to this discovery would in essence deny him the right to effectively prepare and present his case to the Court. The Court should likewise compel this interrogatory be answered.

7) That Defendant Francis A. Ford failed to answer Interrogatory No. 19 completely and need to answer the following:

4.

2. Do your attorney, or any person employed by you or your attorney have possession or know of the existence of any records, reports made in the ordinary course of business, other printed or documentary material, or documents, or other tangible objects that are relevant to the requests and questions described in these interrogatories?

Respectfully submitted,
Shakir Maris Abdullah, Pro Se
Shakir Maris Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

## CERTIFICATE OF SERVICE

I, Shakir Maris Abdullah, pro se, hereby certify that on August 14, 2006, I served a copy of the Plaintiff's Affidavit in Support of motion to Compel Defendant Francis A. Ford to Answer Interrogatories upon Ernest L. Sarason Jr., Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108

Shakir Maris Abdullah Pro Se

5.