*UNITED STATES DISTRICT COURT*
*FOR THE DISTRICT OF MASSACHUSETTS*

FILED
IN CLERK'S OFFICE
*CIVIL ACTION NO.*
2006 AUG 31  *05-11539-DPW*

DISTRICT COURT
DISTRICT OF MASS.

*Shakir Maris Abdullah*
*Plaintiff,*

*V.*

*Francis H. Ford, Clerk*
*Catherine Brennan,*
*Assistant Clerk*
*Defendants.*

*PLAINTIFF'S MEMORANDUM OF POINTS*
*AND AUTHORITIES TO DEFENDANTS*
*FRANCIS H. FORD AND CATHERINE BRENNAN'S*
*OMNIBUS RESPONSE TO PLAINTIFF'S MOTIONS*

*Plaintiff Shakir Maris Abdullah, pro se, submit*
*this Memorandum of Points and Authorities to*
*the omnibus of Plaintiff's motions. Plaintiff will*
*address each motion in turn.*

*Plaintiff's Motion for Appointment of Counsel*

*No respond required by Plaintiff.*

1.

Plaintiff's Motion to Compel Production, Inspection and Copying of Documents

Rule 26(b)(5) requires the party to note its privilege objection and to describe the document only when the document is "otherwise discoverable." This means, as the 1993 Advisory Committee Notes to Rule 26(b)(5) explain, that if a broad discovery Request includes an allegedly privileged document, and if there is an objection to the scope of the Request, the court should first decide whether the objection covers the document. If the court finds that the document is within the scope of the objection, and the court overrules the objection, it must then give the party an opportunity to list the document on a privilege log pursuant to Rule 26(b)(5). United States v. Philip Morris Inc., 347 F.3d 951, 954 (D.C. Cir. 2003).

Motion for Subpoena Duces Tecum

The recipient of a subpoena duces tecum may refuse to produce privileged documents. If the issuing party contest the asserted privilege, that party can request that the court conduct an in camera inspection of such documents. Federal Rules of Civil Procedures 45.

2.

Plaintiff's Motion to Compel Required Discovery Pursuant to Fed. R. Civ. P. 26 (a)(1)

At the commencement of discovery, each party must disclose the identity of witnesses, a description of documents by category and location, a computation of each category of damages, and insurance information. Defendants Ford and Brennan have not provided Plaintiff with their insurance information.

Plaintiff's Objection to Affirmative Defense Number 7 to Defendants Francis Ford and Catherine Brennan's Response to Plaintiff's Second Request for Production of Documents and Plaintiff's Motion to Strike Same

Rule 26(g)(1) requires that every discovery Response bear the signature of the attorney, certifying "to the best of the signer's knowledge, information and belief, formed after a reasonable inquiry" that the Response is "(A) consistent with these Rules ...; (B) Not interposed for any improper purpose, such as to harass OR cause unnecessary delay ...; and (C) Not unreasonable ...."

Fed. R. Civ. P. 26(g)(3) states as follows.
If without substantial justification a certification is made in violation of the rule, the court, upon motion OR upon its own initiative, shall impose upon the person who made the certification, the party on whose behalf the disclosure, request, Response, or objection is made, OR both, an appropriate sanction, which may include an Order to pay the amount of the reasonable expenses

3.

incurred because of the violation, including a
reasonable attorney's fee. See Plaintiff's Motion
to Compel Production as well as Legault v. Zambarano
105 F.3d 24, 28 (1st Cir. 1997).


Plaintiff's Motion to Compel Defendant Catherine
Brennan to Answer Interrogatories

The district court has extremely broad discretion
in ruling on objections to interrogatories. Mack v.
Great Atlantic and Pacific Tea Co., 871 F.2d 179,
186 (1st Cir. 1989). Rule 37(a)(3) states that an
evasive or incomplete answer or disclosure is
treated as a failure to answer or disclose. Dotson
v. Bravo 321 F.3d 663, 667 (7th Cir. 2003).


Plaintiff's Motion for Order Compelling
Production

A party must produce all discoverable docu-
ments or things responsive to a request that are
in the party's possession, custody, or control. Doc-
uments are deemed to be within the possession,
custody, control of a party if the party has actual
possession, custody, control, or the legal right to
obtain the documents on demand. In Re Bankers
Trust Co., 61 F.3d 465, 469 (6th Cir. 1995); Rosie D.
v. Romney, 256 F. Supp. 2d 115, 119 (D. Mass. 2003).

4.