UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAKIR MARIS ABDULLAH,<br>  Plaintiff,<br><br>v.<br><br>FRANCIS H. FORD, Clerk, CATHERINE<br>BRENNAN, Assistant Clerk, and REVEREND<br>DANIEL IZZO,<br>  Defendants. | C.A. NO. 05-11539-DPW |

## DEFENDANTS FRANCIS FORD AND CATHERINE BRENNAN'S MOTION FOR A PROTECTIVE ORDER

Defendants Francis Ford and Catherine Brennan ("Defendants") respectfully request, pursuant to Fed. R. Civ. P. 26(c), that this Honorable Court enter a protective order on their behalf, prohibiting Plaintiff from serving or filing any further discovery requests or discovery related motions. Plaintiff has filed numerous discovery motions designed to harass and place an undue burden upon the Defendants, despite their production of all relevant, discoverable material in their possession, custody or control.

This case does not present complex factual issues. Defendants are employed in the Office of the Clerk, Worcester Superior Court, Worcester, Massachusetts. Plaintiff has alleged (and Defendants have denied) that he sent one hundred thousand dollars ($100,000), in the form of a $100,000 bill, to the defendants with instructions to deposit the funds in a Court account for future use by the Plaintiff to pay for attorney's fees and other expenses as part of his defense to criminal charges. Plaintiff has also alleged (and the Defendants have also denied) that Defendants converted those funds to their own use and returned to Plaintiff a counterfeit million

1

dollar ($1,000,000) bill

      The Defendants have fully responded to all of Plaintiff's discovery requests, including Plaintiff's Second and Third Set of Interrogatories to Catherine Brennan; Plaintiff's Second Set of Interrogatories to Francis Ford; Plaintiff's First and Second Request for Production of Documents to Catherine Brennan and Francis Ford; and Plaintiff's First Request for Admissions. As part of their responses, the Defendants have produced to Plaintiff all relevant, discoverable documents in their possession, custody or control. Because the Defendants deny Plaintiff's allegations, they do not have access to any documents which support those allegations.

      Apparently unhappy that the Defendants will not admit his factual allegations or produce, in the absence of an order by this Court, sensitive personal information or confidential financial information and documents of the Worcester Superior Court, Plaintiff has filed twelve (12) discovery-related motions with this Court, ranging from motions to compel to motions to strike. The Defendants have responded to these motions with an "Omnibus Reply" (see Docket Entry Number 47), arguing that they have neither failed to respond to any of Plaintiff's discovery requests or provided evasive or incomplete responses.

      A party may seek pursuant to Fed. R. Civ. P. 26(c) a protective order from the Court when "justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense, including 'that the disclosure or discovery not be had'." Fed. R. Civ. P. 26(c). This is precisely the type of situation contemplated by Rule 26(c). Although the Defendants have set forth valid and legal objections to providing the Plaintiff with privileged and confidential banking records of the Worcester Superior Court, Plaintiff has continued to harass the Defendants with motions to compel production of these documents. Plaintiff's continual

requests have caused and seek to impose an undue burden of time and expense upon the Defendants, and Plaintiff's repeated requests have resulted in, and without entry of the requested protective order, will continue to result in a waste of valuable judicial resources.

The Defendants respectfully request this Court enter an order prohibiting the Plaintiff from serving any further discovery requests or discovery related motions upon them, as the Plaintiff is merely attempting to harass and overly burden the Defendants, who have produced all relevant, discoverable material in their possession, custody or control.

        Respectfully Submitted,
        FRANCIS FORD,
        CATHERINE BRENNAN,

        THOMAS F. REILLY
        ATTORNEY GENERAL

        /s/ Ernest L. Sarason, Jr.
        Ernest L. Sarason, Jr., BBO # 441980
        Assistant Attorney General
        One Ashburton Place, 18th Floor
        Boston, MA  02108
        (617) 727-2200   x 2596

Dated: September 1, 2006

## CERTIFICATE OF SERVICE

I, Ernest L. Sarason, Jr., hereby certify that on September 1, 2006, I served a copy of the **Motion for a Protective Order** upon the pro se plaintiff, by mailing a postage pre-paid copy to:

Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA  02324

        /s/ Ernest L. Sarason, Jr.
        Ernest L. Sarason, Jr.
        Assistant Attorney General