UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11539-DPW

FILED
CLERKS OFFICE
2006 SEP 14 P 2:36
U.S. DISTRICT COURT
DISTRICT OF MASS

Shakir Maris Abdullah
    Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan, Assistant
Clerk, Reverend Daniel Izzo
    Defendants.

## MOTION FOR LEAVE TO AMEND COMPLAINT BY INTERDELINEATION

The plaintiff moves the Court for an order permitting him to amend by interdelineation his complaint filed herein in the following particulars, to wit:

### I

By omitting the name of Reverend Daniel Izzo from the caption of the Defendants to state: Shakir Maris Abdullah, Plaintiff v. Francis A Ford, Clerk and Catherine Brennan, Assistant Clerk only as Defendants. As reason for this change the the court sua sponte dismissal of Plaintiff's claim against Defendant IZZO on

1.

01/03/2006 and should no longer be apart of this complaint. See attachment marked A.

## II

By inserting in line 2 of paragraph 1 thereof after the words "they" the following words: "Cashed and kept the Application for Notes; collateral Required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 plaintiff had sent to them to establish the legal fund;" said paragraph 1 of the complaint thereupon reading as follows: However, when clerks Ford and Brennan determined their office did not establish legal funds, they cashed and kept the Application for Notes; collateral Required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 plaintiff had sent to them to establish the legal fund.

## III

By inserting in line 2 of paragraph 4 thereof after the words "Her office" the following words: "Cashed and kept the Application for Notes; collateral Required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 plaintiff had initially forwarded with his request to establish a general legal fund; said paragraph 4 of the complaint thereupon reading as follows: Her office cashed and kept the Application for Notes; collateral Required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 plaintiff had initially forwarded with his request to establish a general legal fund.

2.

## IV

Plaintiff request that the entire paragraph of 5 be omitted altogether for the reasons stated in I above.

## V

By inserting in paragraph 7 thereof after the words "<u>from</u>" the following words: "IZZO containing a Application for Notes; collateral required pursuant to USC Title 12 Section 412 released on 03-18-2004 in the sum of $100,000 instructing him to forward the item to the Court Clerk for the establishment of a legal fund." Said paragraph 7 of the complaint thereupon reading as follows: Then on December 5, 2004 plaintiff received a Christmas card from IZZO containing a Application for Notes; collateral required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 instructing him to forward the item to the Court Clerk for the establishment of a legal fund.

## VI

By inserting in paragraph 8 thereof after the words "<u>and a copy of the</u>" the following words: "Application for Notes; collateral required pursuant to USC Title 12 Section 412 released on 03-18-2004 in the sum of $100,000 Requesting clerk Ford to establish a legal fund consistent with the instruction given in the christmas card. Said paragraph 8 of the complaint thereupon Reading as follows: Then on December 6, 2004 plaintiff mailed to clerk of court Francis A. Ford a copy of the christmas card and a copy of the Application for Notes; collateral required pursuant to USC Title 12 section 412 released on 03-18-2004

3.

in the sum of $100,000 requesting clerk Ford to establish a legal fund consistent with the instruction given in the Christmas card.

## VII

By inserting in paragraph 14 thereof after the words "Returned the" the following words: "Application for Notes; collateral required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 that plaintiff initially sent to clerk of Court Francis A. Ford;" said paragraph 14 of the complaint thereupon reading as follows: However, Assistant Clerk Catherine Brennan never returned the Application for Notes - collateral Required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 that plaintiff initially sent to clerk of Court Francis A. Ford.

## VIII

By inserting in paragraph 23 thereof after the words "happen to the" the following words: "cashed Application for Notes - collateral required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 plaintiff initially forwarded to the clerk's office;" said paragraph 23 of the complaint thereupon reading as follows: Nor did Assistant Clerk Catherine Brennan state or explain what happen to the cashed Application for Notes; collateral Required pursuant to USC Title 12 section 412 released on 03-18-2004 in the sum of $100,000 plaintiff initially forwarded to the clerk's office.

4.

## IX

Plaintiff request that the entire paragraph of 27 be omitted altogether for the reasons stated in I and IV above.

The grounds of this motion are that the Defendants have stated in their Motion for a Protective Order that, "Plaintiff has alleged that he sent one hundred thousand dollars ($100,000), in the form of a $100,000 bill." This statement is inaccurate and inconsistent with the evidence and exhibits Plaintiff has submitted in this matter. Plaintiff does admit that he is pro se and may not express his allegations clearly all the time. However, the reference evidence and exhibits used throughout this matter purports and supports the need to amend the above paragraphs to conform to the evidence and exhibits plaintiff has submitted. See attachment marked B.

Wherefore, the Court should allow the motion to amend the complaint by interdelineation. Plaintiff will also request funds from the Court in the future to hire a expert to explain how, "Application for Note; collateral Required," are implemented.

<u>Certificate of Service</u>

I, Shakir Maris Abdullah, pro se hereby certify that on September 12, 2006, I served a copy of the Motion to Amend Complaint by Interdelineation upon Ernest L. Sarason Jr., Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108

Respectfully submitted,
Shakir Maris Abdullah Pro Se
Shakir Maris Abdullah Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

5.

actions of the Defendant clerks in sending Plaintiff a fake one million dollar bill ($1,000,000), or in any way conspiring with the clerks for any adverse action against the Plaintiff.

Accordingly, for the reasons set forth above, I find that even under a generous reading of the Complaint, Plaintiff has failed to set forth any cognizable, non-frivolous claim against Defendant Izzo. As such, *sua sponte* dismissal of Plaintiff's claim against Defendant Izzo, without prejudice, is warranted.

V.   Claims Against Defendant Clerks

With respect to Plaintiff's claims against the other two Defendants, Ford and Brennan, I note that there are pleading deficiencies, and, as previously pointed out, substantial questions of fact as to whether any legal tender was actually received by the Defendant clerks from the Plaintiff. However, drawing all reasonable inferences in Plaintiff's favor,[3] I find that he has met the minimum pleading standard under Fed. R. Civ. P. 8(a), to set forth a claim under 42 U.S.C. § 1983 for conversion of funds by state actors (*i.e.*, state court clerks), and therefore I will not dismiss Plaintiff's claims against these Defendants *sua sponte*. I will not, however, permit summonses to issue unless and until the filing fee issues noted in this Memorandum and Order have been resolved. Upon resolution of these issues, a further Order shall issue.

VI.  Motion to Affect [sic] Service of the Complaint

In view of this Memorandum and Order, Plaintiff's Motion to Affect [sic] Service of the Complaint (#2) is denied without prejudice. If the Plaintiff complies with the directives in this

---

[3] See Johnson v. Rodriguez, 943 F.2d 104, 107 (1st Cir. 1991) ("...the district court must give the plaintiff the benefit of all the suggested facts and must indulge all reasonable inferences in his favor.").

11