UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

CIVIL ACTION NO.
05-11539-DPW

DISTRICT COURT
DISTRICT OF MASS.

Shakir Manis Abdullah
   Plaintiff,

v.

Francis H. Ford, Clerk
Catherine Brennan, Assistant
Clerk,
   Defendants.

PLAINTIFF'S SUPPLEMENTAL MOTION
TO TAKE ADDITIONAL ORAL EXAMINATIONS

  Plaintiff, Shakir Manis Abdullah, pro se, moves the Court to take additional oral examinations of Trooper John M. Conron, Captain Thomas G. Greene, former Assistant District Attorney James Lemire, Sergeant Stephen Kelly and Corine Gorman for the following reasons:

  1) On January 19, 2007 plaintiff received from Assistant Attorney General Anne Sterman a supplemental response to plaintiff's request for production

1.

of documents, in the form of Bates labeled SMA 0067-0069 attached hereto as such.

2) The documents (SMA 0067-0069) were prepared by Trooper John M. Conron (hereinafter Conron), and were not turned over promptly that plaintiff could have made this motion request earlier.

3) In paragraph 1 of SMA 0067-0069, Conron has alleged that this matter was brought to his attention for a possible financial crime by one Sergeant Stephen Kelly (hereinafter Kelly). Plaintiff needs to depose Kelly as to how he got involved in this matter? What material or documents he turned over to Conron? Who did Kelly receive the material or documents from? And, did Kelly provide Conron with two corporate debentures with perforations to them?

4) It is plaintiff's position and remains his position that he never received two corporate debentures by mail (except from the defendants in exhibits SMA 0001-0066) or mailed or sent to the Worcester clerk's office two corporate debentures at anytime.

2.

5) CONRON has further alleged in paragraph (3) that he met with former Assistant District Attorney (ADA) James Lemire and received from ADA Lemire the alleged original mailing plaintiff sent to the Clerk of courts containing the original copies of the debentures. Plaintiff need to depose former ADA Lemire as to how he got involved in this matter? What material or documents he turned over to CONRON? Who did ADA Lemire receive the material or documents from within the Clerk of Courts office? Did ADA Lemire provide CONRON with two corporate debentures with perforations to them?

6) Moreover, plaintiff needs to depose CONRON about his February 2, 2005 investigative report to Captain Thomas G. Greene (hereinafter Greene), of the Massachusetts State Police Detective Unit of Worcester County. It appears that this report was completed on February 2, 2005 and forwarded to Greene on February 2, 2005. However, according to paragraph (7) of the February 2, 2005 report there were other alleged interviews being conducted on Thursday, February 03, 2005 after the report had been forwarded to Greene on February 2, 2005. This does not add up. Further, CONRON alleges in paragraph (8) that on Monday February 07, 2005 he contacted Brother Don IZZO who told him he purchased the certificates of corporate debenture ON EBAY even though CONRON had already submitted the investigative report (5) days earlier to Greene on February 2, 2005. See highlighted dates!

3.

7) Additionally, Conron has not supported any of his alleged interviews with sworn statements or sworn affidavits from any of those whom he allegedly interviewed. Plaintiff will request the actual statements from the people interviewed by Conron instead of his dictations to authenicate the statements veracity and truthfulness.

8) Plaintiff would like to bring to the Courts attention that the website he posted seeking either legal assistance or donations mentions possible allegations of perjury against a Worcester police sergeant that had been demoted from a detective. These facts may have played a determination in the way the investigation has turned out in this matter. Nonetheless, plaintiff request the court to appoint him counsel to conduct the depositions and an investigator to obtain evidence that is beyond plaintiff's acquisition.

9) On January 19, 2007 plaintiff also received from Assistant Attorney General Anne Sterman supplemental answers from defendants Francis A. Ford and Catherine Brennan's to plaintiff's second set of interrogatories. See both supplemental answers attached hereto. The defendants now admit that they both discussed this matter with Corine Gorman who needs to be depose as to her conversations with the defendants concerning this matter.

4.

For these reasons plaintiff request that the Court allow him to take additional oral examinations of the aforementioned names.

Dated: 1/22/07

Shakir Manis Abdullah, Pro Se
Shakir Manis Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

## Certificate of Service

I, Shakir Manis Abdullah, pro se, hereby certify that on January 22, 2007, I served a copy of the Plaintiff's Supplemental Motion To Take Additional Oral Examinations upon Assistant Attorney General, Anne Sterman, One Ashburton Place, 18th Floor, Boston, MA. 02108.

5.



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

January 18, 2007

Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

    Re:    **Abdullah v. Ford, et al.**
            **USDC, 05-11539DPW**

Dear Mr. Abdullah:

Enclosed please find:

1. Defendant Francis Ford's Supplemental Answers to Plaintiff's Second Set of Interrogatories;
2. Defendant Catherine Brennan's Supplemental Answers to Plaintiff's Second Set of Interrogatories;
3. Defendants' Supplemental Response to Plaintiff's Requests for Production of Documents, in the form of a document Bates labeled SMA 0067-0069.

Thank you.

Sincerely,

Anne Sterman
Assistant Attorney General, x2109



# The Commonwealth of Massachusetts
## Department of State Police

State Police Detective Unit
19 Midstate Drive
Auburn, MA 01501

**MITT ROMNEY**
GOVERNOR

**KERRY HEALEY**
LIEUTENANT GOVERNOR

**EDWARD A. FLYNN**
SECRETARY

**COLONEL THOMAS G. ROBBINS**
SUPERINTENDENT

February 2, 2005

TO: Captain Thomas G. Greene, #1126
Massachusetts State Police Detective Unit / Worcester County

FROM: Trooper John M. Conron, #2720
Massachusetts State Police Detective Unit / Worcester County

SUBJECT: Investigation of request by Dennis Shelton, also known as Shakir Maris ABDULLAH, B/M, DOB: 11-01-1961 of Old Colony Correctional Center, One Administration Road, Bridgewater, MA 02324 to establish legal fund with corporate debentures.
Case #05-115-0037

1. On Tuesday, January 25, 2005 at approximately 4:00PM, the undersigned was advised of a possible financial crime by Sergeant Stephen Kelly. Sergeant Kelly outlined the following facts for me. Shakir Maris ABDULLAH is prisoner at Old Colony Correctional Center serving a life sentence for murder. ABDULLAH alleges he has been wrongfully convicted and posted an appeal on a website seeking either legal assistance or donations to fight his conviction. In response to his appeal ABDULLAH received two corporate debentures from Brother Dan Izzo of 512 Onondaga Avenue in Syracuse, New York. ADBULLAH forwarded the corporate debentures to the Clerk of Courts and asked the debentures be deposited into a legal fund on his behalf.

2. On Wednesday, January 26, 2005 the undersigned contacted the Virginia Division of Securities and Retail Franchising regarding the debenture issued by the Fidelity Corporation. The debenture states that it is a 5 ½ percent convertible subordinated debenture issued on October 13, 1978 for one hundred and eight thousand dollars. The debenture bears a serial number of RU29181. The debenture appears to be issued to .CEDE & CO. The certificate's issue date reads October 13, 1978. Immediately below the issue date of the certificate is another

BUREAU OF INVESTIGATIVE SERVICES
MASS. STATE POLICE
2005-115-0037

SMA 0067

YEAR/DIST/CRIME/CASE
SERIAL# 1  SEK 7-20-05
C7
Op 25d
10-4-06

*Excellence In Service Through Quality Policing*

date of October 17, 1978. The certificate also indicates the debenture's due date in May 1, 1988. The debenture indicates that the Fidelity Corporation is a Virginia company. The debenture bears an apparent cancellation mark on the right edge of the paper. The mark consists of a series of holes punched in the paper that spell out "CITI" and "10 17 78". At approximately 1153 hours the undersigned spoke with Tom Bayly a senior investigator for the Virginia State Corporation Commission. At approximately 1445 hours Mr. Bayly faxed the undersigned a copy of series of documents outlining the history of the Fidelity Corporation. Most notable of the documents is the Termination of Corporate Existence issued on September 4, 1991.

3. On Thursday, January 27, 2004 the undersigned met with Assistant District Attorney (ADA) James Lemire regarding the corporate debentures. ADA Lemire handed the undersigned the original mailing from ABDULLAH to the Clerk of Courts which contained the original copies of the debentures.

4. On Friday, January, 28, 2005 and on Tuesday, February 01, 2005 the undersigned conducted LEAPS/NCIC queries relative to the debentures. LEAPS/NCIC responded with "No Record" for either debenture.

5. On Tuesday, February 01, 2005 at approximately 1420 hours, the undersigned contacted the Delaware Department of State Division of Corporations concerning the 9 percent Sinking Fund Debenture issued by the Pennsylvania Corporation. The debenture bears a serial number of RV3389. The debenture is issued to W.P. Carr. The certificate indicates the debenture's due date is 1994. The debenture bears an apparent cancellation mark on the lower right hand corner of the certificate. The mark consists of a series of four holes punched through the certificate at, or adjacent to, the signatures of the company's secretary and president. The debenture's issue date appears to be August 28, 1970. The debenture also bears the date January 2, 1974 on the upper right hand corner of the certificate. The debenture indicates the Pennsylvania Company was incorporated in Delaware. The undersigned was advised by the Delaware Division of Corporations that the Pennsylvania Corporation merged with American Premiere Underwriters in 2002. American Premiere Underwriters is a company incorporated in Pennsylvania.

6. On Wednesday, February 02, 2005 at approximately 1307 hours, the undersigned contacted the Pennsylvania Department of State Corporation Bureau. The undersigned was informed that the Pennsylvania Corporation had merged with American Premiere Underwriters on October 15, 2002. The representative from the Corporation Bureau was able to tell me that American Premiere Underwriters survived the merger, however, she was unable to tell me whether The Pennsylvania Corporation survived the merger or not. The undersigned was provided with the agent information for American Premiere Underwriters. The agent was listed as CT Corporation System 1515 Market Street Suite 1210 Philadelphia, Pennsylvania 19102.

7. On Thursday, February 03, 2005 at approximately 1144 hours, Trooper Thomas Poirier and the undersigned met with Karen Bishop and James Grey of Merrill Lynch at 446 Main Street in Worcester. Mr. Grey, the Operations Controller at the Worcester Merrill Lynch office, was able to tell the undersigned that the certificates were authentic. Additionally, Mr. Grey informed the undersigned that the perforations to both certificates indicated their cancellation. Mr. Grey went on to explain a variety of reasons why the certificates might have been cancelled.

*Excellence In Service Through Quality Policing*

SMA 0068

8.  On Monday, February 07, 2005 at approximately 0925 hours, the undersigned contacted Brother Dan Izzo of 512 Onondaga Avenue in Syracuse, New York. Brother Izzo told the undersigned that he had purchased the certificates of corporate debenture on EBAY two years ago. Brother Izzo acknowledged that the certificates were valueless. Brother Izzo stated he did not alter or mark any of the certificates he sent them to prisoners, "as is".

9.  In conclusion, the certificate of debenture issued by the Fidelity Corporation appears authentic. However, markings on the certificate indicate the debt has been cancelled. Furthermore the company no longer exists and presumably cannot make good on the debenture. Similarly, the certificate of debenture issued by the Pennsylvania Corporation also appears authentic; however, markings on the certificate indicate its cancellation.

10. The undersigned respectfully requests that this case be forwarded to the Worcester County District Attorney's Office for review.

Respectfully Submitted,

#2720

Trooper John M. Conron #2720
Massachusetts State Police
State Police Detective Unit – Worcester


INDEX BY NAME:

Tom Bayly
Commonwealth of Virginia
State Corporation Commission
Division of Securities and Retail
Franchising
P.O. Box 1197
Richmond, VA 23218
(804) 371-9051

Karen Bishop
Merrill Lynch Pierce Fenner & Smith Inc
446 Main Street Floor 12
Worcester, MA 01608
(508) 798-7200

Tom Grey
Merrill Lynch Pierce Fenner & Smith Inc
446 Main Street Floor 12
Worcester, MA 01608
(508) 798-7200

Brother Dan Izzo
512 Onondaga Avenue
Syracuse, NY 13207
(315) 472-5088

Dennis Shelton, a.k.a. Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

*Excellence In Service Through Quality Policing*

SMA 0069

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

SHAKIR MARIS ABDULLAH,
    Plaintiff,

v.

FRANCIS A. FORD, Clerk, CATHERINE
BRENNAN, Assistant Clerk, and REVEREND
DANIEL IZZO,
    Defendants.

C.A. NO. 05-11539-DPW

## DEFENDANT CATHERINE BRENNAN'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

### GENERAL OBJECTIONS

1. The Defendant, Catherine Brennan, objects to any interrogatory to the extent that it seeks information protected by the work product doctrine, attorney-client privilege, or any other privilege.

2. Catherine Brennan objects to any interrogatory to the extent that it seeks to impose discovery obligations that exceed those imposed by the Federal Rules of Civil Procedure.

3. Catherine Brennan objects to any interrogatory to the extent that it seeks to discover information that is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4. Catherine Brennan objects to any interrogatory that is not reasonably limited as to time and/or fails to identify the pertinent time period.

5. Catherine Brennan objects to any interrogatory that is overly broad and/or unduly burdensome.

6.  By making these responses, Catherine Brennan does not concede that the information produced is properly discoverable or admissible and the defendant reserves the right to object to additional discovery with respect to the subject matter and to object to the introduction of these responses into evidence. A response made despite a stated objection may not be construed as a waiver of the stated objection and such a response is made in a effort to provide responsive information based on a fair reading of the interrogatory's intended meaning. In addition, Catherine Brennan's discovery and investigation herein are ongoing and the responses set forth here are based upon current information. Catherine Brennan reserves the right to present further or different evidence at hearings or trials on this matter.

7.  Catherine Brennan hereby incorporates each of the preceding objections into each of her specific responses that are set forth below.

8.  Catherine Brennan reserves the right to supplement these responses at a later date as more responsive information becomes available.

### INTERROGATORY NO. 4

Please identify by full name and address all persons from whom you have obtained written (signed or unsigned) or oral statements regarding the occurrences alleged in plaintiff's complaint, and set forth dates and substance of any such statements.

### ANSWER NO. 4

I have discussed this matter generally with Francis Ford and Corine Gorman of my office on various occasions. I do not recall the dates. Assistant District Attorney James Lemire also was involved at some point and I believe that Trooper John Conron of the CPAC office in Auburn, MA was also contacted, although I do not recall the date.

Signed under the pains and penalties of perjury, this 16 day of January, 2007.

_____
Catherine Brennan

As to Objections:

_____
Anne Sterman, BBO # 650426
Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200 x 2109

3

UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAKIR MARIS ABDULLAH,<br>      Plaintiff,<br><br>v.<br><br>FRANCIS A. FORD, Clerk, CATHERINE<br>BRENNAN, Assistant Clerk, and REVEREND<br>DANIEL IZZO,<br>      Defendants. | C.A. NO. 05-11539-DPW |

### DEFENDANT FRANCIS A. FORD'S SUPPLEMENTAL ANSWERS TO PLAINTIFF'S SECOND SET OF INTERROGATORIES

### GENERAL OBJECTIONS

1.     The Defendant, Francis A. Ford, objects to any interrogatory to the extent that it seeks information protected by the work product doctrine, attorney-client privilege, or any other privilege.

2.     Francis A. Ford objects to any interrogatory to the extent that it seeks to impose discovery obligations that exceed those imposed by the Federal Rules of Civil Procedure.

3.     Francis A. Ford objects to any interrogatory to the extent that it seeks to discover information that is irrelevant and/or is not reasonably calculated to lead to the discovery of admissible evidence.

4.     Francis A. Ford objects to any interrogatory that is not reasonably limited as to time and/or fails to identify the pertinent time period.

5.     Francis A. Ford objects to any interrogatory that is overbroad and/or unduly burdensome.

6.     By making these responses, Francis A. Ford does not concede that the information

1

produced is properly discoverable or admissible and the defendant reserves the right to object to additional discovery with respect to the subject matter and to object to the introduction of these responses into evidence. A response made despite a stated objection may not be construed as a waiver of the stated objection and such a response is made in a effort to provide responsive information based on a fair reading of the interrogatory's intended meaning. In addition, Francis A. Ford's discovery and investigation herein are ongoing and the responses set forth here are based upon current information. Francis A. Ford reserves the right to present further or different evidence at hearings or trials on this matter.

7.   Francis A. Ford hereby incorporates each of the preceding objections into each of its specific responses that are set forth below.

8.   Francis A. Ford reserves the right to supplement these responses at a later date as more responsive information becomes available.

**INTERROGATORY NO. 1**

State your name, address, occupation and business address.

**ANSWER NO. 1**

Francis A. Ford, 8 Walbridge Road, Paxton, Ma 01612. Until January 3, 2007, I was the Clerk of Courts and Magistrate for Worcester Superior Court, Worcester, MA 01608. I am now Of Counsel to Fletcher, Tilton & Whipple, PC, 370 Main Street, Worcester, MA 01608.

**INTERROGATORY NO. 3**

Please describe in detail your employment history.

**ANSWER NO. 3**

I was a lawyer in private practice from 1979 through 2003, and I was the Clerk of Courts in Worcester Superior Court from 2003 until January 3, 2007. I am now an attorney in private

practice.

**INTERROGATORY NO. 4**

Please identify by full name and address all persons from whom you have obtained written (signed or unsigned) or oral statements regarding the occurrences alleged in plaintiff's complaint, and set forth dates and substance of any such statements.

**ANSWER NO. 4**

I have discussed the plaintiff's claims with Catherine Brennan and Corine Gorman, who were both members of my staff, on various dates. I have also discussed the plaintiff's claims with Assistant District Attorney James Lemire who was investigating the plaintiff's claims. I do not recall the dates of the conversations.

Signed under the pains and penalties of perjury, this 16th day of January, 2007.

_____
Francis A. Ford

As to Objections:

_____
Anne Sterman, BBO #650426
Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA 02108
(617) 727-2200  x 2109

3