UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO
05-11539-DPW

FILED
IN OFFICE
2007 JAN 30 P 12:04
U.S. DISTRICT COURT
DISTRICT OF MASS

Shakir Maris Abdullah
  Plaintiff,

V.

Francis A. Ford, Clerk
Catherine Brennan, Assistant
Clerk,
        Defendants.

PLAINTIFF'S MOTION FOR SANCTIONS
FOR VIOLATION OF SCHEDULING ORDER

The plaintiff moves that the court impose sanctions on the defendants Francis A. Ford and Catherine Brennan for their failure to obey the scheduling order dated July 12, 2006 requiring the defendants Ford and Brennan to produce all documents requests by November 30, 2006.

On January 19, 2007 plaintiff received from Assistant Attorney General Anne Sterman a supplemental response to plaintiff's request for production

1.

of documents, in the form of Bates labeled SMA 0067-0069 attached hereto as such. This late disclosure by defendants Ford and Brennan also violated the scheduling order all required disclosures pursuant to Rule 26(a)(1) to be made by July 30, 2006.

The plaintiff further moves that the court order the defendants to pay the reasonable expenses, including attorney fees, caused by the failure to obey the scheduling order. (Plaintiff's time, Research, additional motions and postage).

Dated: 1/29/07

Shakir Manis Abdullah, Pro Se
Shakir Manis Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

Certificate of Service

I, Shakir Manis Abdullah, pro se, hereby certify that on January 29, 2007, I served a copy of the Plaintiff's Motion For Sanctions For Violation of Scheduling Order upon Assistant Attorney General, Anne Sterman, One Ashburton Place, 18th Floor, Boston, MA. 02108.

2.

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

SHAKIR MARIS ABDULLAH.
    Plaintiff

CIVIL ACTION NO. 05-11539-DPW

v.

FRANCIS H. FORD, CATHERINE
BRENNAN, and
REVEREND DANIEL IZZO
    Defendant

## SCHEDULING ORDER

WOODLOCK, D.J.

    This Order is intended primarily to aid and assist counsel/parties in scheduling and planning the preparation and presentation of cases, thereby insuring the effective, speedy and fair disposition of cases, either by settlement or trial.

    In accordance with this Court's adoption of defendants Ford and Brennan's proposed schedule, it is hereby ORDERED pursuant to Rule 16(b) of the Federal Rules of Civil Procedure and Local Rule 16.1(F), that:

1.     All required disclosures pursuant to Rule 26(a)(1) to be made by **JULY 30, 2006**.

2.     All interrogatory and production of documents requests to be answered by **NOVEMBER 30, 2006.**

3.     All depositions (potentially 3) to be taken by **DECEMBER 31, 2006.**

4.     Motions for summary judgment are to be filed by **FEBRUARY 28, 2007**, and responses are to be filed within fourteen (14) calendar days thereafter pursuant to Local Rule 7.1 and all filings must conform to the requirements of Local Rule 56.1;

    All provisions and deadlines contained in this order having been established with the participation of the parties to this case, any requests for modification must be presented to the judge or magistrate judge, if referred for case management proceedings. Any requests for extension will be granted only for good cause shown supported by affidavits, other evidentiary materials, or reference to pertinent portions of the record. The request shall be made by motion and shall contain the reasons for the request, a summary of the discovery which remains to be taken, and a date certain when the requesting party will complete the additional discovery, join other parties, amend the pleadings or file motions. The Court may then enter a final scheduling order,

if necessary.

    Counsel are encouraged to seek an early resolution of this matter. Additional case management conferences may be scheduled by the court or upon the request of counsel, if the Court can be of assistance in resolving preliminary issues or in settlement.

                                                        By the Court,

                                                        /s/ Michelle Rynne

DATED:  July 12, 2006                            Deputy Clerk



# THE COMMONWEALTH OF MASSACHUSETTS
## OFFICE OF THE ATTORNEY GENERAL
ONE ASHBURTON PLACE
BOSTON, MASSACHUSETTS 02108-1598

MARTHA COAKLEY
ATTORNEY GENERAL

(617) 727-2200
www.ago.state.ma.us

January 18, 2007

Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA 02324

      Re:    **Abdullah v. Ford, et al.**
             **USDC, 05-11539DPW**

Dear Mr. Abdullah:

    Enclosed please find:

1. Defendant Francis Ford's Supplemental Answers to Plaintiff's Second Set of Interrogatories;
2. Defendant Catherine Brennan's Supplemental Answers to Plaintiff's Second Set of Interrogatories;
3. Defendants' Supplemental Response to Plaintiff's Requests for Production of Documents, in the form of a document Bates labeled SMA 0067-0069.

Thank you.

Sincerely,

Anne Sterman
Assistant Attorney General, x2109



# The Commonwealth of Massachusetts
## Department of State Police

State Police Detective Unit
19 Midstate Drive
Auburn, MA 01501

**MITT ROMNEY**
*GOVERNOR*

**KERRY HEALEY**
*LIEUTENANT GOVERNOR*

**EDWARD A. FLYNN**
*SECRETARY*

**COLONEL THOMAS G. ROBBINS**
*SUPERINTENDENT*

February 2, 2005

TO: Captain Thomas G. Greene, #1126
Massachusetts State Police Detective Unit / Worcester County

FROM: Trooper John M. Conron, #2720
Massachusetts State Police Detective Unit / Worcester County

SUBJECT: Investigation of request by Dennis Shelton, also known as Shakir Maris ABDULLAH, B/M, DOB: 11-01-1961 of Old Colony Correctional Center, One Administration Road, Bridgewater, MA 02324 to establish legal fund with corporate debentures.
Case #05-115-0037

1. On Tuesday, January 25, 2005 at approximately 4:00PM, the undersigned was advised of a possible financial crime by Sergeant Stephen Kelly. Sergeant Kelly outlined the following facts for me. Shakir Maris ABDULLAH is prisoner at Old Colony Correctional Center serving a life sentence for murder. ABDULLAH alleges he has been wrongfully convicted and posted an appeal on a website seeking either legal assistance or donations to fight his conviction. In response to his appeal ABDULLAH received two corporate debentures from Brother Dan Izzo of 512 Onondaga Avenue in Syracuse, New York. ADBULLAH forwarded the corporate debentures to the Clerk of Courts and asked the debentures be deposited into a legal fund on his behalf.

2. On Wednesday, January 26, 2005 the undersigned contacted the Virginia Division of Securities and Retail Franchising regarding the debenture issued by the Fidelity Corporation. The debenture states that it is a 5 ½ percent convertible subordinated debenture issued on October 13, 1978 for one hundred and eight thousand dollars. The debenture bears a serial number of RU29181. The debenture appears to be issued to .CEDE & CO. The certificate's issue date reads October 13, 1978. Immediately below the issue date of the certificate is another

BUREAU OF INVESTIGATIVE SERVICES
MASS. STATE POLICE
2005-115-0037

SMA 0067

YEAR/DIST/CRIME/CASE
SERIAL# 1  SEK 7-20-05
C7
Op 25d
10-4-06

*Excellence In Service Through Quality Policing*