UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SHAKIR MARIS ABDULLAH,<br> Plaintiff,<br><br>v.<br><br>FRANCIS A. FORD, Clerk, CATHERINE<br>BRENNAN, Assistant Clerk, and REVEREND<br>DANIEL IZZO,<br> Defendants. | C.A. NO. 05-11539-DPW |

### SECOND OMNIBUS RESPONSE OF DEFENDANTS FRANCIS A. FORD AND CATHERINE BRENNAN'S TO PLAINTIFF'S MOTIONS

Defendants Francis A. Ford and Catherine Brennan ("Defendants") submit this omnibus response to Plaintiff's most recent discovery-related motions. The Defendants address each motion in turn.

**1. Plaintiff's Motion for Leave to File Additional Interrogatories**

Plaintiff seeks to propound four additional interrogatories to each Defendant, based upon the document produced to Plaintiff in January, 2007. Recognizing that they produced this document late, Defendants do not oppose this request. However, Defendants respectfully request that this Court limit the Plaintiff to the four interrogatories contained within his motion.

**2. Plaintiff's Motion for Sanctions For Violation of Scheduling Order**

Plaintiff's motion appears to be based, at least in part, on the premise that Defendants failed to make timely initial disclosures per Rule 26. However, Rule 26 does not require the instant Defendants to submit Rule 26 initial disclosures. Rule 26(a)(1)(E)(iii) provides that "an action brought without counsel by a person in custody of the United States, a state, or a state

1

subdivision" is "exempt from initial disclosure under Rule 26(a)(1)."

Plaintiff's chief complaint is that Defendants, in January 2007, produced an additional three-page document Bates SMA 0067-0069. Defendants concede that this document was produced after the discovery deadline set by the scheduling order; however, this late production has resulted in no prejudice to the Plaintiff. He has not yet conducted any depositions, and to the extent the court permits him to conduct depositions, he is free to alter his choice of deponents and questions based upon the document he now has in hand. In addition, in consideration of this late production, Defendants are not opposing Plaintiff's motion to file limited additional interrogatories (see above).

Moreover, Plaintiff does not, nor could he, allege any deliberate wrongdoing on the part of the Defendants. Due to staffing changes within the Attorney General's office, a new attorney (Ms. Sterman) was assigned to this case in late December, 2006. Upon reviewing the file, Ms. Sterman discovered an additional document that had been inadvertently omitted from the Defendants' original document production, and she produced that document forthwith. Plaintiff has now been provided with every responsive document in the Defendants' possession, custody or control.

**3.     Plaintiff's Supplemental Motion to Take Additional Oral Examinations**

Plaintiff's request is overly burdensome and in violation of the Scheduling Order, which permitted three depositions. Plaintiff now seeks to add an additional five depositions, to allow him to depose individuals who had only peripheral involvement in the events that form the basis of Plaintiff's Complaint. For example, one of the Plaintiff's proposed additional deponents is an individual who, by virtue of working in the same office as the two named defendants, had

general conversations with those individuals regarding the Plaintiff's Complaint. There is no suggestion that she has any independent knowledge of the facts and circumstances beyond what the individual defendants themselves possess. Defendants oppose these additional five depositions as being overly burdensome and unlikely to lead to the discovery of admissible evidence, and renew their Motion for Protective Order, on the basis that it is necessary to "protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. Pro. 26(c).

## CONCLUSION

The Defendants respectfully request this Court to DENY Plaintiff's Motion for Sanctions and Supplemental Motion to Take Additional Oral Examinations for the above reasons.

Respectfully Submitted,

FRANCIS FORD and
CATHERINE BRENNAN,

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Anne Sterman

Anne Sterman, BBO # 650426
Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA  02108
(617) 727-2200   x 2109

Dated: January 31, 2007

**CERTIFICATE OF SERVICE**

      I, Anne Sterman, hereby certify that on January 31, 2007, I served a copy of the above Opposition upon the pro se plaintiff, by mailing a postage pre-paid copy to:

Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA  02324

                                    /s/ Anne Sterman
                                    Anne Sterman
                                    Assistant Attorney General