UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

Shakir Manis Abdullah
  Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan, Assistant Clerk
  Defendants.

CIVIL ACTION NO.
05-11539-DPW

PLAINTIFF'S OPPOSITION TO DEFENDANTS FRANCIS A. FORD AND CATHERINE BRENNAN'S MOTION TO RECONSIDER OR IN THE ALTERNATIVE TO STAY DISCOVERY ORDER FOR JUST SO MUCH OF THE ORDER THAT PERTAINS TO THE PERSONAL FINANCIAL RECORDS OF FORD AND BRENNAN AND THEIR DEPOSITIONS

Now comes the plaintiff and hereby oppose Defendant's Ford and Brennan's motion to reconsider or in the alternative to stay discovery order for just so much of the order that pertains to the personal financial records of Ford and Brennan and their depositions for the following:

1.

1. As plaintiff has explain in his motion to compel production, inspection and copying of documents that he never sent to the Worcester Clerks Office any debentures. They were sent to the Worcester Clerk's Office Francis A. Ford as a additional donation for a legal fund by Rev. Dan Izzo himself. Moreover as pointed out in plaintiff's motion to compel, Rev. Dan Izzo sent two Fidelity Corporation Notes totaling $100,000 to Francis A. Ford and not the $108,000 Fidelity Corporation Note or the $5,000 Pennsylvania Corporation Note that the defendants are alleging plaintiff sent to their office. Please see plaintiff's motion to compel production, inspection and copying of documents and all exhibits attached thereto.

2. Plaintiff has enclosed the original envelope and contents that he received from Br. Dan Izzo on December 4, 2004. The envelope contains a "Joy to the World," Christmas Card, with "instructions to ask the Court to endorse the Note under USC Title 12 sec 412 and Deposit it with the Court Clerk for a Legal Fund," a "General Resurrection article," the "original $100,000 Note for the Court," and "a Cryonic Life Insurance Company business card." Plaintiff entrust

2.

these items to the Court as evidence of what he sent to the Worcester Superior Court.

3. Additionally, the mail log submitted by Emma Evans-Howard contain no entries or deliberate omissions of the dates plaintiff sent letters to the clerk office, of the dates the Clerk's Office sent responses to plaintiff and of the date and number of times Br. Dan Izzo wrote plaintiff. This is what plaintiff was precisely concerned about when the Court ordered the Defendants attorney to retrieve these records on plaintiff's behalf.

4. Plaintiff only received mail from Br. Dan Izzo once and that mail/letter is before the Court. The Defendants on the other hand have been less than truthful. See attached SMA 0037-0040 from the Defendants exhibits. These exhibits reveals that there were a substantial amount of material sent to Francis H. Fond from Br. Dan Izzo around December 18, 2004. The volume of the envelope's contents can be gathered from the amount of the postage attached. The purpose of the contents of the envelope can be gathered from the statement outside the envelope, (General Legal Fund, Court Donation). The fact that the Defendants have a copy of the outside of the envelope sent to them by Br. Dan Izzo, then concealed the

3.

contents strongly suggest that they themselves received the (2) Fidelity Corporation Notes totaling $100,000 and switch them for a $108,000 Fidelity Corporation debenture and a $5,000 Pennsylvania Corporation debenture that Br. Dan Izzo never sent to the clerk's office by his own admission. Please see plaintiff's motion to compel production, inspection and copying of documents and all exhibits attached thereto. And finally, the fact that there is a counterfeit $1,000,000 (that was sent to plaintiff from Defendant Brennan as well) among these exhibits also suggest that it was replaced for the real currency.

5. Plaintiff have also included a Affidavit from Fredrick Christian a inmate at Old Colony Correctional Center who received recent mail from Br. Dan Izzo as well for legal fees. If the Court will notice the $100,000 donation to Mr. Christian. It's similar to the one plaintiff initially sent to the clerk's office. But it now has additional writing on the top to the Court and a statement at the bottom stating, "As Authorized by Law." These facts suggest Br. Dan Izzo donations were or have been misused.

4.

6. In Interrogatory No. 16, plaintiff asked defendants Ford and Brennan, "Were there any written reports, logs or records made and kept of all letters, messages, correspondence and all bank notes and bonds defendants received from Reverend Daniel Izzo at anytime?" Both defendants stated in their answers, "No, there were not." See plaintiff's paragraph (4) above.

7. In Interrogatory No. 18, plaintiff asked defendants Ford and Brennan to, "state the name and title of the person that received and opened all mail (letters and correspondences) from Reverend Daniel Izzo from December 14, 2004 to this present date." Both defendants stated in their answers, "I do not know the answer to this Interrogatory."

8. However, defendant Brennan has perjured herself to the answer to interrogatory No. 18. See Affidavit of Catherine Brennan filed with the Court on February 23, 2007. See also memorandum of law in support of Ford and Brennan's motion for reconsideration of a portion of the February 1, 2007 discovery order, or in the alternative, to stay a portion of that order page (2) Brennan's Involvement. In these facts Brennan states: "Sometime in December, 2004 or January, 2005 Defendant Catherine Brennan, an assistant clerk at the Worcester Superior Court, was opening the court's mail when she saw a letter from the plaintiff..."

5.

9. Defendant Ford[1] perjured himself as well to interrogatory No. 18. See Affidavit of Francis Ford filed with the Court on February 23, 2007. See also memorandum of Law in support of Ford and Brennan's motion for reconsideration of a portion of the February 1, 2007 discovery order, or in the alternative, to stay a portion of that order filed on February 23, 2007. See paragraph (3) Ford's Involvement. In these facts Ford states: "He was aware that the clerk's office had received Mr. Abdollah's correspondence..."

10. Defendant's Ford and Brennan also committed perjury to Interrogatory No. 17, which states: "State the name and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorney, purport to have knowledge of facts relevant to the requests and questions described in the interrogatories?" See paragraphs 6 thru 9 above.

11. Plaintiff Request that the Court assign him a attorney to conduct the depositions of defendant's Ford and Brennan and to provide him with a investigator to investigate other unfound allegations by the Defendants Ford and Brennan and

---

[1] Plaintiff has a aunt by the name of Francis Bentley and therefor thought that Francis was a woman's name only. Plaintiff apologize for using Francis Ford gender out of context.

6.

to schedule a phone conference with Reverend Daniel Izzo or issue a subpoena for his attendance in this matter that the truth may be known once and for all.

Wherefore, the Court should Deny Defendants' Francis A. Ford and Catherine Brennan's Motion To Reconsider or In The Alternative To Stay Discovery Order For Just So Much Of The Order That Pertains To The Personal Financial Records Of Ford And Brennan And Their Depositions and enforce it's February 1, 2007 Order. The Court should further Deny the Defendants request to file a premature motion for summary judgment and Allow the plaintiff's request cited in paragraph (11) above.

Respectfully Submitted,
Shakir Manis Abdullah, Pro Se
Shakir Manis Abdullah, Pro Se
Old Colony Connection Center
One Administration Road
Bridgewater, MA. 02324

Certificate of Service

I, Shakir Manis Abdullah, Pro Se, certify hereby that, I served the enclosed motion and exhibits upon Assistant Attorney General, Anne Sterman, One Ashburton Place, 18th Floor, Boston, MA. 02108.

Dated: February 28, 2007

7.



Br. Dan Izzo
512 Onondaga Ave.
Syracuse, NY 13207

FILED
CLERKS OFFICE
2007 MAR -1  P 12: 28

General
Legal
Fund,
Court
Donation

To Francis Ford
Clerk/Magistrate
Worcester County Superior Court
2 Main Street
Worcester MA
01608

SMA 0037



Joy To The World



SMA 0038



SMA 0039



SMA 0040

My Name is Fredrick Christian and I am writing this true affidavit to say that I am in possession of some documents that I recieved from a Mr. Daniel Izzo. I came in to such documents when Mr. Izzo sent them to me and asked me to send them into a court to open up a legal fund to help provide for my legal fees. My wife sends out letters and e-mails with my information, as well as myself and this is how Mr. Izzo heard about my case and the help that I'm looking for. This is true to the best of my ability. Signed under the pains & penalties of perjury on this day of February 26th, 2007.

Fredrick Christian

Fredrick Christian
1 Administration Rd.
Bridgewater, MA 02324



*Ask the Court to Endorse + Deposit the Note Legal Fund*

# UNITED STATES OF AMERICA

**TITLE 12 > CHAPTER 3 > SUBCHAPTER XII > § 412**

### § 412. Application for notes; collateral required

*Release date: 2004-03-18*

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 92, 342 to 348, 349 to 352, 361, 372, or 373 of this title, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of sections 348a and 353 to 359 of this title, or bankers' acceptances purchased under the provisions of said sections 348a and 353 to 359 of this title, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under sections 348a and 353 to 359 of this title. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of Federal Reserve banks.



REGISTERED: X  County Clerk  *As Authorized by law*   X  County Judge

X  County Treasurer

*Please Endorse and Deposit with Court Clerk for a General Legal Fund*