UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

FILED
CLERKS OFFICE

2007 MAR -6 A 11:13

U.S. DISTRICT COURT
DISTRICT OF MASS

CIVIL ACTION NO.
05-11539-DPW

Shakir Manis Abdullah
   Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan, Assistant
Clerk
        Defendants.

PLAINTIFF'S SUPPLEMENTAL OPPOSITION TO DEFENDANT'S FRANCIS A. FORD AND CATHERINE BRENNAN'S MOTION TO RECONSIDER OR IN THE ALTERNATIVE TO STAY DISCOVERY ORDER FOR JUST SO MUCH OF THE ORDER THAT PERTAINS TO THE PERSONAL FINANCIAL RECORDS OF FORD AND BRENNAN AND THEIR DEPOSITIONS

Now comes the plaintiff and states that upon Review of Number (10) to his original opposition to defendant's Francis A. Ford and Catherine Brennan's motion to reconsider or in the alternative to stay discovery order for just so much of the order that pertains to the personal financial records of Ford and Brennan and their depositions, plaintiff realized

1.

that he had not completed the answer to interrogatory No. 17 contained in paragraph (10).

1. Therefore, plaintiff submits Exhibit A, Francis Ford Interrogatories 16 thru 19 and Exhibit B, Catherine Brennan's Interrogatories 16 thru 18 to support 6 thru 10 to plaintiff's opposition to defendants' Francis A. Ford and Catherine Brennan's motion to reconsider or in the alternative to stay discovery order for just so much of the order that pertains to the personal financial records of Ford and Brennan and their depositions.

2. Additionally, all the affidavits filed with the Court on February 23, 2007 states that around December or January plaintiff sent items to the Worcester Clerk's office. The Worcester Clerk's Office is a professional establishment and for there to be no definitive dates or records concerning these false accusations against plaintiff should be viewed by the Court with scrutiny.

3. There are no affidavit filed in this matter anywhere from Rev. Daniel Izzo himself. And it is reasonable that if affidavits could have been gathered from others who where contacted in the matter then a affidavit from Rev. Daniel Izzo shouldn't be challenging for those alleged to have spoken with him.

2.

4. Nor does plaintiff question the nobility and position of these public officials. However, in light of the inconsistencies of defendants Ford and Brennon's interrogatories and their recently filed February 23, 2007 affidavits, some of these public officials may have been misled by their colleagues true involvement in this matter. This is the primary reason the depositions are necessary. All plaintiff ask for is justice under the law.

Respectfully Submitted,
Shakir Maris Abdullah, Pro Se
Shakin Manis Abdullah, Pro Se
Old Colony Connection Center
One Administration Road
Bridgewater, MA. 02324

March 5, 2007

## Certificate of Service

I, Shakin Manis Abdullah, pro se, certify hereby that I served the enclosed motion and exhibits upon Assistant Attorney General, Anne Sterman, One Ashburton Place, 18th Floor Boston, MA. 02108.

3.

Objection. This interrogatory is irrelevant and unlikely to lead to discoverable evidence.

**INTERROGATORY NO. 16**

Were there any written reports, logs or records made and kept of all letters, messages, correspondence and all bank notes and bonds defendants received from Reverend Daniel Izzo at anytime?

a) if yes, state the date, month and year received;

b) provide copies of such written reports, logs or records.

**ANSWER NO. 16**

No, there were not.



EXHIBIT A
Francis Ford

**INTERROGATORY NO. 17**

State the name and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the requests and questions described in these interrogatories?

**ANSWER NO. 17**

I do not know of any such person.

**INTERROGATORY NO. 18**

State the name and title of the person that received and opened all mail (letters and correspondences) from Revered Daniel Izzo from December 14, 2004 to this present date.

**ANSWER NO. 18**

I do not know the answer to this Interrogatory.

**INTERROGATORY NO. 19**

Do you, your attorney, or any person employed by you or your attorney have possession or know of the existence of any records, reports made in the ordinary course of business, other printed or documentary material, or documents, or other tangible objects that are relevant to the requests and questions described in these interrogatories?

**ANSWER NO. 19**

No, I do not. I cannot speak for anyone else.

## INTERROGATORY NO. 15

What banking institution or trust company did the clerk's office use to make deposits and withdrawals to and from including the banks address and manager's name from December 14, 2004 to May 31, 2005?

## ANSWER NO. 15

Objection. This interrogatory is irrelevant and unlikely to lead to discoverable evidence.

## INTERROGATORY NO. 16

Were there any written reports, logs or records made and kept of all letters, messages, correspondence and all bank notes and bonds defendants received from Reverend Daniel Izzo at anytime?

a) if yes, state the date, month and year received;

b) provide copies of such written reports, logs or records.

EXHIBIT
B
Catherine
Brennan

## ANSWER NO. 16

No, there were not.

## INTERROGATORY NO. 17

State the name and address or otherwise identify and locate any person or persons who, to your knowledge, or to the knowledge of your agents and attorneys, purport to have knowledge of facts relevant to the requests and questions described in these interrogatories?

## ANSWER NO. 17

I do not know of any such person.

## INTERROGATORY NO. 18

State the name and title of the person that received and opened all mail (letters and correspondences) from Revered Daniel Izzo from December 14, 2004 to this present date.

## ANSWER NO. 18

I do not know the answer to this Interrogatory.

7