UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MASSACHUSETTS

_____
                                            )
SHAKIR MARIS ABDULLAH,     )
    Plaintiff,                              )
                                            )
v.                                          )     C.A. NO. 05-11539-DPW
                                            )
FRANCIS H. FORD, Clerk, CATHERINE )
BRENNAN, Assistant Clerk, and REVEREND )
DANIEL IZZO,                        )
    Defendants.                         )
_____)

### DEFENDANTS FRANCIS FORD'S AND CATHERINE BRENNAN'S OPPOSITION TO PLAINTIFF'S MOTION FOR SANCTIONS

In response to this Court's February 1st Order, on February 23rd, 2007 Defendants Ford and Brennan provided the following to the Court:

    1.    Defendant Catherine Brennan's affidavit;

    2.    Defendant Catherine Brennan's additional answers to Plaintiff's fourth set of interrogatories;

    3.    Defendant Francis H. Ford's affidavit;

    4.    Defendant Francis H. Ford's additional answers to Plaintiff's fourth set of interrogatories;

    5.    Affidavit of Massachusetts Superior Court Judge James R. LeMire;

    6.    Affidavit of Massachusetts Superior Court Judge John S. McCann;

    7.    Affidavit of Massachusetts State Trooper John Conron accompanied by over 40 pages of exhibits comprising the investigation of the corporate debentures;

    8.    Affidavit of Massachusetts State Trooper Kelly;

    9.    Affidavit of Corinne Gorman, First Assistant Clerk at the Worcester Superior

        Court;

10. Affidavit of Matthew Lefebvre, Office manager at the Worcester Superior Court;

11. Affidavit of Assistant Attorney General Jennifer Laverty;

12. Affidavit of Assistant Attorney General Anne Sherman;

13. Affidavit of the records manager at Old Colony Correction Center inBridgewater, Massachusetts along with the visitor/mail log for the institution;

14. Notification to the Court that an *in camera* inspection of the Worcester Superior Court bank records would be arranged for a date convenient to the Court;

15. Notice that all documents in the possession of defendants' counsel would be provided to the Court at its direction.

In further response to this Court's Order, Ford and Brennan requested that the Court reconsider or stay (pending the defendants' filing a motion for summary judgment) only that portion of the discovery order that related to the depositions of Ford and Brennan and the *in camera* inspection of their banking records. (Docket # 73 & #74).[1]

Ford and Brennan's good cause for this request then and now is (1) at summary judgment, they argued that plaintiff's claims were moot because the documents in question can, and will, with the Court's approval, be returned to him so there is no conversion; (2) at summary judgment, the defendants's argued that the plaintiff's damages, if any, are *de minimus*, because the property alleged to have been converted is valueless; (3) that part of the Order regarding the personal banking records affects non-parties to this matter, and they should have an opportunity to be heard before disclosure of their banking records in consideration of their privacy interests;

---

[1] Ford and Brennan filed their motion for summary judgment.

additionally, the Order's provisions regarding depositions of the defendants present both legal and logistical issues; and finally (4) at summary judgment the defendants would and did argue that the plaintiff's claim for conversion under 42 U.S.C. § 1983 fails as a matter of law, because he has an adequate post deprivation remedy in the state courts. *Parratt v. Taylor*, 451 U.S. 527, 543 (1981).

      The defendants have not engaged in any actions that warrant sanctions. Indeed, the defendants have complied with every demand made of them. They merely asked the Court to reconsider only a part of its Order for good cause. And this was necessary for a number of reasons: not the least of which was the fact - discovered after the hearing - that non-parties were on the banking records at issue. Thus, the Court was never apprized of this most salient fact. And, prior to Its Order, it had not had the opportunity to consider the privacy interests of these non-parties.

      Sanctions are only available when a court order is in effect and when the court order is violated. F.R.Civ. P.37(b)(2). The defendants have not violated the court order, they complied with it, and, as is their right, they further responded with a motion for reconsideration of only a part of it. The Court has yet to rule on this motion and the defendants's motion for summary judgment. Thus, there are no actions that merit sanctions. *See R.W. International Corp., et al v. Welch Foods, Inc. et al*, 937 F.2d 11, 17 (1991)(Fed. R. Civ. P 37(b)(2) sanctions not appropriate where party seeks to clarify obligations and there has been compliance by the party).

Respectfully Submitted,

FRANCIS FORD,
CATHERINE BRENNAN,
By Their Attorney:

MARTHA COAKLEY
ATTORNEY GENERAL

/s/ Mary O'Neil
Mary O'Neil BBO # 379430
Assistant Attorney General
One Ashburton Place, 18th Floor
Boston, MA  02108
(617) 727-2200   x 2636

Dated: June 15, 2007

## CERTIFICATE OF SERVICE

I, Mary O'Neil, hereby certify that on June 15, 2007, I served a copy of the above **opposition to plaintiff's motion for sanctions** upon the pro se plaintiff, by mailing a postage pre-paid copy to:

Shakir Maris Abdullah
Old Colony Correctional Center
One Administration Road
Bridgewater, MA  02324

/s/ Mary O'Neil
Mary O'Neil
Assistant Attorney General