UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

FILED
IN CLERKS OFFICE

2007 JUN 25  P 1:43

U.S. DISTRICT COURT
DISTRICT OF MASS.

CIVIL ACTION NO.
05-11539-DPW

Shakin Maris Abdullah
Plaintiff,

v.

Francis A. Ford, Clerk
Catherine Brennan,
Assistant Clerk
Defendants.

## MOTION FOR LEAVE TO FILE SECOND SUPPLEMENTAL COMPLAINT

The plaintiff moves, under Rule 15(d) of the Rules of Civil Procedure, for leave to supplement the complaint filed herein by adding two new defendants, Matthew Lefebvre and Corine Gorman, and by adding a new claim of conspiracy by deceit to the existing claim of conversion.

These claims arise out of transactions or occurrences or events which have happened since the date of the complaint sought to be supplemented.

1.

A copy of the supplemental complaint is attached hereto as "A."

Plaintiff request a hearing on this motion.

Shakir Maris Abdullah, Pro Se
Shakir Maris Abdullah Pro Se
Old Colony Connection Center
One Administration Road
Bridgewater, MA. 02324

June 21, 2007

Certificate of Service

I, Shakir Maris Abdullah, pro se, hereby certify that on June 21, 2007, I served a copy of Plaintiff's Motion for Leave to File Second Supplement Complaint upon Assistant Attorney General, ANNE STERMAN, One Ashbunton Place, 18th Floor, Boston, MA. 02108

Shakir Maris Abdullah Pro Se

2.

FILED
IN CLERKS OFFICE

2007 JUN 25  P 1: 43

U S DISTRICT COURT
DISTRICT OF MASS.

$EXHIBIT$ A

FOR THE DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.
05-11539-DPW

Shakir Manis Abdullah
            Plaintiff,

            V.

Catherine Brennan,
Assistant Clerk,
Matthew Lefebvre,
Office Manager,
Corinne Gorman,
First Assistant Clerk
            Defendants.


PLAINTIFF'S SECOND SUPPLEMENTAL COMPLAINT

1) Plaintiff brings this supplemental complaint
alleging that the defendants have engaged in
conversion and conspiracy by deceit by
deliberately and knowingly filing a false
and inaccurate affidavit to continue to
deprive plaintiff of monies donated for a
legal fund in violation of 42 U.S.C. § 1983,
1985(3) while acting under the color of state
law.

1.

PARTIES

2) Defendant, Catherine Brennan, is a Assistant Clerk for the Worcester Superior Court and is Responsible for providing a false and untrue affidavit concerning two corporate debentures for the purpose of establishing a legal fund. She is being sued in her official and individual capacities.

3) Defendant, Matthew Lefcbvre, is the Office Manager in the Worcester Superior Court and is Responsible for providing a false and untrue affidavit concerning two corporate debentures for the purpose of establishing a legal fund. He is being sued in his official and individual capacities.

4) Defendant, Corinne Gorman, is the First Assistant Clerk of the Worcester Superior Court and is Responsible for providing a false and untrue affidavit concerning two corporate debenture for the purpose of establishing a legal fund. She is being sued in her official and individual capacities.

2.

*FACTS*

Plaintiff Realleges facts 1-24 as set forth in the original complaint and set forth the following supplement facts.

5) On February 23, 2007, plaintiff received from Assistant Attorney General, Anne Sterman, a Affidavit prepared by Catherine Brennan hereinafter (Brennan). See exhibit **1**.

6) On February 23, 2007, plaintiff received from Assistant Attorney General, Anne Sterman a Affidavit prepared by Matthew Lefebvre hereinafter (Lefebvre). See exhibit 2.

7) On February 23, 2007, plaintiff received from Assistant Attorney General, Anne Sterman a Affidavit prepared by Corinne Gorman hereinafter (Gorman). See exhibit **3**.

8) During the outline of Brennan's affidavit she signed under the pains and penalties of perjury that on two separate occasions plaintiff sent two original debentures to the clerk's office in worcester for a legal fund.

3.

9) During the outline of both Lefebvre and Gorman's affidavits they both signed under the pains and penalties of perjury that they had received a letter from the plaintiff sometime in December 2004 or January 2005 containing two corporate debentures requesting that the Court establish a legal defense fund on his behalf.

10) On December 20, 2004 the Worcester clerk's office filed the request and contents that plaintiff had sent to their office on December 14, 2004 to establish a legal fund with. This Request did not include any corporate debentures. See exhibit 4.

11) On December 13, 2004 the Clerk's Office did Received mail sent to Francis A. Ford from Bro. Dan Izzo himself containing a court donation for a general legal fund. See exhibit 5.

12) Bro. Dan Izzo also sent to the clerk's office a Assignment and Transfer of National Bank Notes form letter stating: "Notice This Letter Is Connected To A Donation Of 2 Fidelity Corporation Notes Mailed To The Court Clerk...." See exhibit 6.

4.

13) Then Bro. Don Izzo instructed the clerk of court Francis A. Ford to deposit the 2 Fidelity Corporation Bank Notes under USC Title 12 section 342 and the $100,000.00 donation they had already received from the plaintiff on December 20, 2004 under USC Title 12 section 412. See exhibit 7.

## LEGAL CLAIMS

14) Defendants did convert 2 Fidelity Corporation Notes sent to their office by Bro. Don Izzo for the establishment of a legal fund into improper use then wrongfully accused plaintiff of sending to their office for the establishment of a legal fund a $108,000.00 Fidelity Corporation Debenture and a $5,000.00 Pennsylvania Company Debenture that they knew did not come from either Bro. Don Izzo or the plaintiff. See exhibits 4 thru 7.

15) Defendants have conspired to deprive plaintiff of legal fund donations and through such conspiracy did deprive plaintiff of donated legal funds by deceit.

5.

# PRAYER FOR RELIEF

Wherefore, Plaintiff Respectfully Request that this Honorable Court grant the following Relief:

16) Grant plaintiff compensatory damages of $250,000.00 from each of the defendants.

17) Grant plaintiff punitive damages of $250,000.00 from each of the defendants.

18) Grant plaintiff mental and emotional damages of $100,000.00 from each of the defendants.

19) Award plaintiff the cost for prosecuting this action.

20) Grant such other relief as the Court deems just and equitable.

Wherefore, the plaintiff prays that the Honorable Court grant such relief.

6.

Respectfully submitted this 21st day of June 2007.

Shakir Mamis Abdullah, Pro Se
Shakir Mamis Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

## Verification of Pleading

I, Shakir Mamis Abdullah, being duly sworn, deposes and says that he is the plaintiff in the within entitled action, that he has read the foregoing complaint and knows the contents thereof, and that the same is true of his own knowledge except as to matter therein stated to be alleged on information and belief and as to those matter he believes it to be true.

Shakir Mamis Abdullah Pro Se

## Certificate of Service

I, Shakir Mamis Abdullah, pro se, hereby certify that on June 21, 2007 I served a copy of the Plaintiff's Second Supplemental Complaint upon Anne Sterman, Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108.

Shakir Mamis Abdullah, Pro Se

7.

FILED
IN CLERKS OFFICE

2007 JUN 25  P 1: 43

U.S. DISTRICT COURT
DISTRICT OF MASS.

$EXHIBIT \quad 1$

EXHIBIT 2

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

SHAKIR MARIS ABDULLAH,                  )
    Plaintiff,                          )
v.                                      )        C.A. NO. 05-11539-
                                        )        DPW
                                        )
FRANCIS H. FORD, Clerk, CATHERINE       )
BRENNAN, Assistant Clerk, and REVEREND  )
DANIEL IZZO,                            )
    Defendants.                         )
                                        )

## AFFIDAVIT OF MATTHEW LEFEBVRE

1. My name is Matthew Lefebvre. I am an office manager in the Worcester Superior
   Court.

2. Sometime in December 2004 or January 2005, I, along with First Assistant Clerk
   Corinne Gorman, opened a letter from Shakir Maris Abdullah that enclosed two
   corporate debentures and requested that the Court establish a legal defense fund
   on his behalf.

3. Attached as Exhibit A are copies of those corporate debentures.

4. We gave the entire contents of the letter, including the enclosures, to Regional
   Administrative Justice John McCann.

Signed under the pains and penalties of perjury this ⟨3ʳᵈ⟩ day of February, 2007.

Matthew Lefebvre

EXHIBIT 3

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

```
                                        )
SHAKIR MARIS ABDULLAH,                  )
        Plaintiff,                      )
v.                                      )        C.A. NO. 05-11539-DPW
                                        )
FRANCIS H. FORD, Clerk, CATHERINE       )
BRENNAN, Assistant Clerk, and REVEREND  )
DANIEL IZZO,                            )
        Defendants.                     )
                                        )
```

## AFFIDAVIT OF CORINNE GORMAN

1. My name is Corinne Gorman. I am the First Assistant Clerk of the Worcester Superior Court.

2. To the best of my recollection sometime in December 2004 or January 2005, I, along with office manager Matt Lefebvre, opened correspondence from Shakir Maris Abdullah that enclosed two corporate debentures and associated documents requesting that the Court establish a legal defense fund on his behalf.

3. We gave the entire contents of the correspondance, including the enclosures, to Regional Administrative Justice John McCann.

**Signed under the pains and penalties of perjury this _14th day of February, 2007.**

Corinne Gorman
First Assistant Clerk, Worcester Superior Court

EXHIBIT 4

FRANCIS A. FORD
CLERK OF THE COURT
ROOM 21 - COURT HOUSE
2 MAIN STREET
WORCESTER, MASSACHUSETTS
01608-1176

12-14-04

Shakir Maris Abdullah
OCCC
One Administration Rd.
Bridgewater, MA. 02324

RE: Shakir Maris Abdullah
aka Dennis Shelton
# 90-1148 - 1150 - 1151

**FILED**

DEC 2 0 2004

ATTEST:
Francis A. Ford
CLERK

Dear Mrs. Ford:

Enclosed please find my Justice Denied Legal
Ad I had placed on the internet seeking legal
assistance or donations.

In response to this request I received the enclosed
Federal Note for the Court Clerk to endorse and
deposit with the Court Clerk for a legal Fund on
my behalf.

1.

SMA 0041

I have also provided herein a copy of the message that accompanied the Federal Note directing me to forward this currency to you that I may have a legal Fund established on my behalf.

Once this process is completed by your office I would request that no funds be withdrawn from this account by anyone without my approval and signature.

Thank you for your time and attention to this very important matter and I look forward to to reply.

Sincerely,

Shakir Maris Abdullah

aka Dennis Shelton

90-1148-1150 -1151

CC: File
Rev. Dan Izzo

This information was particularly significant in light that Ms. Papale had, at the probable cause hearing, invoked her fifth amendment privilege some twenty-two times and prior to her testimony, I had sought a ruling to ascertain whether she would invoke her privilege, now at the trial. The A.D.A. and her counsel (a former A.D.A.) who stood with her throughout her testimony agreed that she would not if no questions were asked about her children and their father. I assented to this in good faith and in compliance with conduct beyond reproach, as I had no reason to believe said line of inquiry was relevant.

I immediately alleged the newly discovered information and accompanying prosecutorial misconduct and moved for dismissal thereon. The Court was oblivious. The Court did order both Sgt. Dennis Towner and Ms. Papale back for a voir dire examination. Towner denied sexual relations but admitted to dating, refusing to end his relationship with Ms. Papale such that he was relieved of his vice squad position (he maintained his rank upon transfer), paternity of Ms. Papale's youngest child (coincidentially named Dennis), and denied a police internal affairs investigation. Ms. Papale took the fifth amendment upon advise of counsel as to sexual relations, admitted having numerous criminal charges squelched by Towner and denied paternity as to the child named Dennis. The Court informed counsel that it would not allow inquiry into sexual relations between the two before the jury. Objection was noted and I did not call these witnesses as part of the defense. I have good reason to believe that both of these individuals perjured themselves and cannot in writing commit my reasons for this view. Suffice it to say this matter may provide an excellent basis for Rule 30 relief.

The defense demonstrated by both expert opinion testimony and photographs adduced as a result of its extensive crime scene investigation that the primary Commonwealth witness, Holmes could not have heard or seen the client as alleged. His own common law wife disputed his testimony and she was in a position to much better hear or see Mr. Shelton—her testimony had him leaving the crime scene prior to the alleged admission by Shelton. Further, we produced evidence that he (Holmes) had been threatened by the police and gave new evidence against Mr. Shelton only upon such duress. The defense also offered unrefuted evidence of two individuals that had motive and opportunity to commit the murder—one being detained by the police on the night of the killing because he physically matched the victim's description and was clothed in black sweat shirt and black sweat pants.

Regarding the victim's dying declaration, there was evidence that while the victim was being transported to the hospital he identified his assailant as 5' 11" black male, wearing a black sweatshirt and black sweatpants. He further stated that he did not know his attacker. Shelton was known to the victim and he was wearing clothing not similar in color or style to that described by Mr. White. The EMT's characterized White as alert and fully conscious when he gave those statements.

Suffice it to say, that if I had not been obliterated by guilty verdicts of this ilk in the past, I would have put both Sgt. Towner and Papale back on the stand. It was my decision at the time that they represented an insurance policy against any murder conviction. I believe that decision was correct and still maintain its correctness. Presently, the major question confronting the Committee is to make a decision as to whether to await appellate review which might well elicit a Mazza or Salemme type decision or move on Rule 30 relief upon proof of the perjury. I must inform you that Mr. Shelton has throughout this case insisted upon his innocence. Personally I have never been accused of naivete—I must point out that the likelihood of this is upon the evidence substantially in his favor. This bothers me greatly. In fact—more than greatly.

SMA 0045

I believe that if the case goes to the Appeals Court than new l ighly experienced appellate counsel should be appointed. This would best protect Mr. Shelton should I have erred seriously somewhere. If the Rule 30 route is endorsed then I would like to continue in this representation. I am accutely aware of budget considerations and that this defense is already been immensely expensive for the Committee. I have over 200 hours involved. Private investigation expenses are going to be high--Mr. Lajoie was extremely valuable and much of the demonstrative evidence presented was a result of his total dedication to this case. My clerk will also cost some additional expense.

As an aside, the Worcester County District Attorney is now not giving probable cause hearings [serious felonies] is only going to further raise investigative expenses substantially. At least, those decisions will not haunt me. I recommend that a transcript be ordered immediately and procurred with all due haste. My personal opinion is that reversible error is rife throughout these proceedings, but a new trial may not be what best serves Mr. Shelton and the time attendent to that end may require him to remain incarcerated even longer than the 19 months he has presently served awaiting trial.

I believe this gives you a broad overview of the situation, I will make myself available in Boston to you or Mr. Speer on specifics anytime this week if you believe further discussion would be fruitful. Bottomline--I'm frustrated over my present impotence. I realize that this is an occupational hazard, but it does not quell my anger at this result.

Very truly yours,

Greg F. Schubert

Dated: August 16, 1991
GTS/mk
cc: Theodore Harris, Esq.

**Write to me at:**

Shakir Maris Abdullah
#W51043
MCI - Cedar Junction
PO Box 100
South Walpole, MA 02071

**Send Email**

Justice Denied
Main Section

Hi, ask the court to endorse the Note under USC Title 12 sec 412 and Deposit it with the Court Clerk for a legal Fund

As we thank God
for his many blessings this
Christmas,
let us also pray for
Peace on Earth.

Have a Merry Christmas
and Blessed New Year!



**Cryonic Life Insurance Company**

**Rev Dan Izzo**
Dept of General Resurrection

512 Onondaga Ave
Syracuse, NY 13207



SMA 0047

# UNITED STATES OF AMERICA

Search

## TITLE 12 > CHAPTER 3 > SUBCHAPTER XII > § 412
## § 412. Application for notes; collateral required

*Release date: 2004-03-18*

Any Federal Reserve bank may make application to the local Federal Reserve agent for such amount of the Federal Reserve notes hereinbefore provided for as it may require. Such application shall be accompanied with a tender to the local Federal Reserve agent of collateral in amount equal to the sum of the Federal Reserve notes thus applied for and issued pursuant to such application. The collateral security thus offered shall be notes, drafts, bills of exchange, or acceptances acquired under section 92, 342 to 348, 349 to 352, 361, 372, or 373 of this title, or bills of exchange endorsed by a member bank of any Federal Reserve district and purchased under the provisions of sections 348a and 353 to 359 of this title, or bankers' acceptances purchased under the provisions of said sections 348a and 353 to 359 of this title, or gold certificates, or Special Drawing Right certificates, or any obligations which are direct obligations of, or are fully guaranteed as to principal and interest by, the United States or any agency thereof, or assets that Federal Reserve banks may purchase or hold under sections 348a and 353 to 359 of this title. In no event shall such collateral security be less than the amount of Federal Reserve notes applied for. The Federal Reserve agent shall each day notify the Board of Governors of the Federal Reserve System of all issues and withdrawals of Federal Reserve notes to and by the Federal Reserve bank to which he is accredited. The said Board of Governors of the Federal Reserve System may at any time call upon a Federal Reserve bank for additional security to protect the Federal Reserve notes issued to it. Collateral shall not be required for Federal Reserve notes which are held in the vaults of Federal Reserve banks.



County Clerk

County Judge

REGISTERED:   X

SMA  0048

X   County Treasurer

EXHIBIT 5



Br. Dan Izzo
512 Onondaga Ave.
Syracuse, NY 13207

General
Legal
Fund /
Court
Donation

To Francis Ford
Clerk / Magistrate
Worcester County Superior Court
2 Main Street
Worcester MA
01608

SMA 0037

EXHIBIT  6

02/15/2006 09:25 FAX

FORM LETER

## ASSIGNMENT AND TRANSFER
## of NATIONAL BANK NOTES
## USC Title 12 sec 342  DEPOSITS

NOTICE THIS LETTER IS CONNECTED TO A DONATION

OF 2 FIDELITY CORPORATION NOTES MAILED TO THE COURT CLERK

FOR A **GENERAL LEGAL FUND** FOR THE COUNTY COURTS

DONATION OF **@ $100,000.00** total  **NATIONAL BANK NOTES**

**DEPOSIT like a paper coin, add to your bank account**

*" It was new money, created by the bank ..... "*

TO THE County Court of **Worchester; Francts Ford,**
Court Clerk as Trustee

FOR VALUE RECEIVED, the undersigned hereby sells, assigns

and transfers **@ $100,000.00**   total  **NATIONAL BANK NOTES** to:

**for DEPOSIT,**
**under**------------------------------------------------------------------
----------------**US CODE**
**TITLE 12§ 342**. Deposits; exchange and collection; member and
nonmember banks or other depository institutions; charges

(US CODE TITLE 31  § 3302 Custodians of (Public) money )

SMA  0027

NATIONAL BANK NOTES standing in the name of

( for most other donations: the FEDERAL GOVERNMENT agency CEDE
& CO,

street name for ,**The $19 Trillion** **Depository Trust Company**

the Security Exchange Commission's trust company. )

Holder NATIONAL BANK NOTES represented by:

(1) FIDELITY CORPORATION Certificate  No.

and (2) FIDELITY CORPORATION Certificate  No

**USC Title 12 § 342. Deposits; exchange and collection; member
and nonmember banks or other depository institutions; charges**

**Any Federal Reserve bank may receive from any of its member banks,
or other depository institutions, and from the Unites States, deposits
of current funds in.., national-bank notes,....... solely for
purposes of exchange, ....**may receive from any nonmember bank or
trust company or other depository institution deposits of current funds in
lawful money, **national-bank notes**,

NATIONAL BANKING ASSOCIATION NOTES issued after 1935 are not
Lawful Money but may or may not be **Legal tender, I am not sure exactly.**
------------------------------------------------------------------------------
USC Title 31 Sec. 5103. - **Legal tender**

02/15/2006 09:25 FAX

" *United States coins and currency (including* Federal reserve notes and *circulating notes of* Federal reserve banks and *national banks*) are legal tender for all debts, public charges, taxes, and dues. Foreign gold or silver coins are not legal tender for debts "

---------------------------------------------------------------------------------------

The undersigned hereby and irrevocably constitutes and appoints

THE COUNTY COURT OF **Worchester, MA**

attorney-in-fact, to DEPOSIT said NATIONAL BANK NOTES under USC TITLE 12 SEC 342 DEPOSITS
with full power of substitution in the premises.

If the COUNTY can use more of these monetary NBN instruments let me know.

*Rev Daniel Izzo*

Cryonic Life Insurance Company
Dept of General Resurrection
Reverend Daniel Izzo
512 Onondaga Ave
Syracuse, NY 13207
1-315-472-5088

*PS You can
Throw out Donation
if you like;
No Reply NEEDED*

References

**US CODE**
TITLE 12 > CHAPTER 3 > SUBCHAPTER IX > § 342 Prev | Next

**§ 342. Deposits; exchange and collection; member and nonmember banks or other depository institutions; charges**

**Any Federal Reserve bank may receive from any of its member banks, or other depository institutions, and from the Unites States, deposits of**

SMA 0029

EXHIBIT 7

Francis A. Ford
Clerk/Magistrate
Worcester County Superior Court        Copy
2 Main Street
Worcester, MA. 01608

Shakir Maris Abdullah                   December 6, 2004
OCCC.                                   (I don't know)
ONE Administration Rd.                  Petitioner
Bridgewater, MA. 02324

                                        SMA 0049

Dear Mrs. Ford:

Enclosed please find my Justice Denied legal
'd I had placed on the internet seeking legal
assistance or donations.

In response to this request I received the enclosed
note for the Court Clerk to endorse and deposit
with the Court Clerk for a legal Fund on my behalf.

I have also provided herein a copy of the message that
accompanied the Note directing me to forward this item
to you that I may have a legal Fund established to
resolve the ~~matters~~ General Legal Fund ~~in my~~ Justice Denied
Legal Ad.

To The Court:

Deposit under USC Title 12 sec 342

National Bank Notes as, For

the Same Collected under USC 12 sec 412