UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-11539-DPW

FILED
IN CLERKS OFFICE
2007 AUG 20  A 9:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

Shakir Maris Abdullah,
　　　Plaintiff,

v.

Francis A. Ford, et al.,
　　　Defendants.

## PLAINTIFF'S MOTION TO WAIVE LOCAL RULE 7.1

Now come the plaintiff, who respectfully request that this Court waive Local Rule 7.1 on the ground that the plaintiff is currently incarcerated at the Old Colony Correctional Center in Bridgewater, MA., and is unable to confer with the Defendants' in complaince with this Rule.

Respectfully Submitted,

Shakir Maris Abdullah, Pro Se
Shakir Maris Abdullah, Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

August 16, 2007

### Certificate of Service

I hereby certify that I served the foregoing motion on Mary O'Neil, Assistant Attorney General, One Ashburton Place, 18th Floor Boston, MA. 02108 by first class mail.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-11539-DPW

FILED
IN CLERKS OFFICE
2007 AUG 20 A 9:28
U.S. DISTRICT COURT
DISTRICT OF MASS.

Shakir Maris Abdullah,
    Plaintiff

v.

Francis A. Ford, et al.,
    Defendants.

## MOTION FOR APPOINTMENT OF COUNSEL

Now comes the Plaintiff, Shakir Maris Abdullah, pro se, and hereby moves this Court to appoint him counsel to represent him in this matter for the following reasons:

This Court acknowledged during a Video Conference on February 1, 2007 that Plaintiff was at a disadvantage and went on to state that the problem is that I (Plaintiff) have no Right, that is, a legal right to have counsel or an investigator assigned in civil case such as this. See exhibit 1.

Plaintiff recognize that he is not entitle or have a legal right to have counsel or an investigator in this matter. However, "exceptional circumstances," can modify this perspective.

1.

In *Weir v. Potter* 214 F. Supp. 2d 53 (D. Mass. 2002) the court stated:

> Courts are given the authority to appoint counsel in civil cases by 28 U.S.C. § 1915(e)(1) which states that "[t]he court may request an attorney to represent any person unable to afford counsel." The decision to appoint counsel is discretionary, and there is no constitutional right to counsel in civil cases. *DesRosiers v. Moran*, 949 F.2d 15, 23-24 (1st Cir. 1991) (citations omitted).
>
> The Court went on to say, as the language of the statute indicates, financial hardship must be established in order for the court to appoint counsel. Next, the courts hold that a litigant must demonstrate "exceptional circumstances" to justify the appointment of counsel. *Cookish v. Cunningham*, 787 F.2d 1, 2 (1st Cir. 1986).

Plaintiff meets both criterions of financial hardship and exceptional circumstances.

On January 27, 2006, the Court determined that Plaintiff was qualified for in forma pauperis status under 28 U.S.C. § 1915. *Ivey v. Board of Regents*, 673 F.2d 266, 269 (9th Cir. 1982). Therefore, by proceeding in forma pauperis plaintiff sufficiently has shown an inability to afford counsel.

2.

See also <u>DesRosiers v. Moran</u>, 949 F.2d at 24 (" To determine whether there are exceptional circumstances sufficient to warrant the appointment of counsel, a court must examine the total situation, focusing, inter alia, on the merits of the case, the complexity of the legal issues, and the litigant's ability to represent himself.").

<u>Plaintiff's dilemma</u>

1) Plaintiff is not in a position to interview Mr. Izzo concerning the allegedly debentures he purchased on EBAY.

2) Plaintiff is not in a position to interview Mr. Izzo concerning the 2 Fidelity Corporation Notes he sent directly to Clerk of Court Francis A. Ford on December 13, 2004.

3) Plaintiff has presented to this Court serious discrepancies in Defendant's responses that he's unable to investigate without the aid of counsel and investigator.

4) Plaintiff has presented to this Court substantial evidence contradicting Defendant's allegations that Plaintiff sent debenture to Worcester's Clerk Office that he's unable to investigate without counsel.

3.

5) Since Plaintiff has received affidavits from Defendant's Francis H. Ford and Catherine Brennan and others on February 23, 2007 his claims and complaint needs to be amended to add new defendants and new claims as well as counsel to conduct their depositions. Plaintiff needs an attorney for this enormous task.

6) Defendant's Ford and Brennan have claim their financial statements, that the Court Ordered to be submitted to the Court by February 23, 2007, are shared with third parties and Plaintiff need a attorney to argue this complex issue before the Court.

7) Plaintiff need counsel to present to the Court the Brand new counterfeit $1,000,000.00 dollar bill he received from Assistant Clerk Catherine Brennan.

The Court stated in *Wein*, supra that the merits of plaintiff's complaint are viewed by this Court with greater generosity because as a pro se litigant she may have had difficulty fully developing her allegations. See *Casanova v. Dubois*, 289 F.3d 142, 146 (1st Cir. 2002). See also *Hendricks v. Coughlin*, 114 F.3d 390, 392 (2nd Cir. 1997) ("In trial courts, the preliminary assessment of likely

4.

merit must be undertaken somewhat more generously since the unrepresented litigant might have difficulty articulating the circumstances that will indicate the merit that might be developed by competent counsel.") (quoting Cooper v. A. Sargenti Co., 877 F.2d 170, 174, (2nd Cir. 1989)).

Wherefor, for these foregoing facts and conclusions of law Plaintiff should be assign counsel and investigator to represent him at this time.

Respectfully submitted,
Shakir Maris Abdullah Pro Se
Old Colony Correction Center
One Administration Road
Bridgewater, MA. 02324

Certificate of Service

I, Shakir Maris Abdullah, hereby certify that I served upon Anne Sterman, Assistant Attorney General the enclosed document by first class mail on August 16, 2007.

Shakir Maris Abdullah
Pro Se

5.

Exhibit 1

```
 1              MR. ABDULLAH:  Yes, sir.  Yes, Your Honor.
 2              THE COURT:  Okay.  So we'll use that.
 3              MS. STERMAN:  Okay.  So an affidavit from someone
 4    at the correctional center setting forth the log of mail --
 5              THE COURT:  Right.
 6              MS. STERMAN:  -- sent to and sent out, I guess, by
 7    Mr. Abdullah.
 8              THE COURT:  Right.  So we have a document that
 9    Mr. Abdullah can refer to in support of his either motion for
10    summary judgment or opposition to your motion for summary
11    judgment ultimately.  What else?
12              MR. ABDULLAH:  I think this is one reason, Your
13    Honor, why I need an attorney and I also need an investigator
14    because I'm at a disadvantage.
15              THE COURT:  Well, there isn't --
16              MR. ABDULLAH:  I can't --
17              THE COURT:  Just a moment, Mr. Abdullah.  There is
18    a disadvantage.  But the problem is that you have no right --
19    that is, a legal right -- to have counsel or an investigator
20    assigned to you in a civil case such as this, but we'll try to
21    do the best we can under the circumstances.
22              MR. ABDULLAH:  Yes, Your Honor.  In the motion that
23    I presented for appointment of counsel, I cited a couple of
24    cases in there.  One of them was Colby versus Riggs, 92 F.2d
25    183, and it speaks about the key as well as a pro se needs help
```

1  in presenting the essential merits or his or her position to
2  the court.
3              THE COURT: Right.
4              MR. ABDULLAH: And I believe -- I believe that
5  there's a lot of inconsistencies that I think I have shown
6  through all the motions that I have presented to you. I'm not
7  totally comfortable with allowing the defendant's attorney to
8  represent me as well as them obtaining the things that I need.
9              THE COURT: Well, I understand that, Mr. Abdullah.
10 But there are two points. One is that we cannot draft lawyers
11 to represent you.
12             MR. ABDULLAH: Yes, Your Honor.
13             THE COURT: An inquiry has been made to try to
14 obtain counsel for you and we'll continue to pursue that
15 through our pro se staff attorneys.
16             MR. ABDULLAH: Yes, Your Honor.
17             THE COURT: Second, the orders that I have given to
18 Ms. Sterman are orders of the court to --
19             MR. ABDULLAH: Yes, Your Honor.
20             THE COURT: -- provide this information. And --
21             MR. ABDULLAH: Yes, Your Honor.
22             THE COURT: -- it calls for the preparation of
23 things that will be sworn under oath by the people who provide
24 the information. But I'm trying to identify what it is that I
25 think you need and you think you need to go forward with this.