UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-11539-DPW

FILED
IN CLERK'S OFFICE
2007 DEC 28 P 3:54
U.S. DISTRICT COURT
DISTRICT OF MASS.

Shakir Maris Abdullah
  Plaintiff,

v.

Francis A. Ford, et. al.,
  Defendants.

PLAINTIFF'S MOTION FOR RECONSIDERATION PURSUANT TO Fed. R. Civ. P. 59(e).

The plaintiff, Shakir Maris Abdullah, moves that the Court reconsider its Memorandum and Order of December 21, 2007 granting Summary Judgment for the defendants Francis A. Ford and Catherine Brennan for the following reason.

I. Plaintiff believes the Court misunderstood the facts of his case or his arguments

A. Plaintiff's Version

The Court stated in its Memorandum and Order under plaintiff's version, "Abdullah alleges that

1.

the Worcester County Superior Court clerks converted monies (in the form of a bank note and debentures) which he sent to them for the purpose of establishing of a legal fund on his behalf so that he could collaterally challenge his first degree murder conviction.[1]"

## ARGUMENT

1. Plaintiff as a pro se litigant understood that he needed the assistance of an trained attorney to help him present his position to the court in a clear and uncomplicated manner so that this matter would not have derived at the conclusion it has come to. At this point all that plaintiff can request is that the Court liberally construe his pleadings in the way in which he meant.

2. The Court stated in plaintiff's version that he sent debentures to the Worcester County Superior Court for the purpose of establishing a legal fund..... This statement is completely false. It is plaintiff's position and has always been his position that he never sent any debentures to the Worcester County Superior Court. It was after plaintiff received a letter from defendant Brennan on February 28, 2005, that plaintiff learned that Reverend Daniel Izzo had, in fact, sent two Fidelity Corporation Notes totally $100,000.00 to the Worcester County Superior Court for a "general legal fund," in addition to the request plaintiff had already submitted to the Worcester Clerks Office on December

2.

6, 2004. (#3), (#4), (#41), (#77-1 thru 3), (#85-1 thru 4), (#86), and (#110-1 thru 3). Plaintiff has consistently advanced this same argument throughout his pleadings and motions.

B. The Court further stated in note 1 to its Memorandum and Order that, "There is some discrepancy concerning the nature and amount of alleged funds provided by plaintiff. Plaintiff claimed he sent a $100,000 note under 12 U.S.C. § 412 (referred to by defendant Izzo as a "Novelty note"). Plaintiff also contended he sent defendants a $100,000 Fidelity note (i.e., a debenture). It is not entirely clear who possesses the original "Novelty note." Plaintiff seeks the return of this document but defendants contend he still possesses the original....

ARGUMENT

1. As to the $10,000 novelty note mention in Br. Dan Izzo November 19, 2004 letter to Prison Officials it has been greatly confused with the $100,000 donation plaintiff actually sent to the defendants.

If the Court will observe and take notice of the November 19, 2004 letter sent to prison officials

3.

by Bro. Dan Izzo the Court will Realize that the letter and $10,000 Novelty note had nothing whatsoever to do with the plaintiff nor was it ever sent to the plaintiff as the defendants have alledge or as the Court have been lead to believe by the defendants.

The November 19, 2004 letter verify the above statement itself through the "arrow pointing evidence" that the letter illustrates. The letter specifically states, "Re: Mr. Abdullah 12/04 1st mailing." This 12/04 1st mailing refers to the distinct donation ($100,000) that plaintiff sent to the Worcester Superior Clerk Office on December 6, 2004 and again on December 14, 2004. (#4), (#77). It wouldn't make any sense for Bro. Dan Izzo to send the November 19, 2004 letter to prison officials telling them that the $10,000 Novelty note was a failure. Then to turn around the following month of December 2004 and instruct the plaintiff to filed it with the Clerk of Court office for a legal fund. That would be absurd and is absurd.

Therefor, this November 19, 2004 letter to prison officials could not have possibily been intended for the plaintiff as Bro. Dan Izzo had not contacted plaintiff until the following month of December 4, 2004 well after the November 19, 2004 letter had been sent out to prison officials. Moreover, Bro. Dan Izzo wrote plaintiff directly; therefor there was no need for Bro. Dan Izzo to sent the November 19, 2004 to plaintiff prison official!

4.

Bro. Dan Izzo was actually informing the Clerk of Court through his November 19, 2004 letter how he became acquainted with the plaintiff. See arrow pointing evidence located on the November 19, 2004 letter.

To further corroborate the above factual evidence plaintiff refer the Court to his February 4, 2005 letter to Clerk of Court Francis A. Ford and carbon copy to Rev. Dan Izzo. (#4). Once Rev. Dan Izzo received this February 4, 2005 he wrote "Donation Letter" on the top of this letter and referred the donation to plaintiff's December 6, 2004 and December 14, 2004 Request to establish a legal fund. This evidence authenticate the genuineness of the $100,000 donation plaintiff had sent to the defendants.

Therefor, the defendants assertion that plaintiff had the original $100,000 donation in his possession is easily solved by Rev. Dan Izzo himself as he sent this copy of the February 4, 2005 letter directly to Francis A. Ford. (#77 and exhibits 1 thru 3). Additionally, plaintiff explained what he meant when he used the word "original," but the defendants saw a opportunity and took the word out of its context. (#85-2).

2. The Court's Memorandum and Order also stated in note 1 that, "Plaintiff also contended he sent defendants a $100,000 Fidelity Note (i.e., a debenture)." In (Complaint at 15) plaintiff stated: "Nor did

Assistant Clerk Catherine Brennan mention what happen to the two Fidelity Corporation Notes totaling (One Hundred Thousand Dollar) send in addition to what plaintiff had already sent to Francis A Ford for the establishment of a general legal fund."

Plaintiff based these two Fidelity Notes on the evidence he had received from the defendants themselves. (#4), (#41 or #37 and exhibits) and (#86.). In these exhibits the Court will find a, "Assignment And Transfer of National Bank Notes USC Title 12 Sec 342 Deposits" form letter. This form letter explicitly says: Notice This Letter Is Connected To A Donation Of 2 Fidelity Corporation Notes Mailed To The Court Clerk. This evidence standing alone prove without doubt that plaintiff never sent any debentures to the defendants or had possession of the debentures that the defendants allege plaintiff sent to their office!

In fact, the $108,000 Fidelity Corporation debenture and the $5,000 Pennsylvania Corporation debenture are not consistent with the two Fidelity Corporation Notes mailed directly to the defendants from Rev. Dan Izzo. See A-2 argument above. This evidence in and of itself is a trial-worthy issue. And further show conclusively that the defendants have lied and mislead the Court as well as fabricated evidence.

3. What plaintiff had sought to retrieve from the defendants was the $200,000 donation they converted and stole and not the documents they are seeking to give plaintiff. Additionally, plaintiff had objected on two separate occasions to receiving any documents from defendants that he never ever sent defendants. (#103-1) and (#110 Affidavit at 6).

These are the facts of plaintiff's case in which he believes the Court misunderstood that creates a genuine issue of material fact and the need to have defendants bank/money accounts inspected by the Court to establish justice.

Wherefore, for the foregoing factual record plaintiff request that the Court reconsider its Memorandum and Order allowing the defendants motion for summary judgment.

*Shakir Maris Abdullah Pro Se*

### Certificate of Service

I, Shakir Maris Abdullah, hereby certify that I served upon Anne Sterman, Assistant Attorney General, One Ashburton Place, 18th Floor, Boston, MA. 02108, Plaintiff's Motion For Reconsideration Pursuant to Fed. R. Civ. P. 59(e).

7.