UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

C.A. No. 05-11539-DPW



SHAKIR MARIS ABDULLAH
         PLAINTIFF,

vs.

FRANCIS A. FORD, et. al.,
         DEFENDANTS.

MOTION FOR APPOINTMENT OF APPELLATE COUNSEL

Now comes the plaintiff, Shakir Maris Abdullah, pro-se and hereby moves this Honorable Court to appoint him appellate counsel to represent him in this action for the following reasons:

1. On January 27, 2006 the district court Judge Douglas P. Woodlock determined that plaintiff qualified for in forma pauperis status under 28 U.S.C. § 1915 (with the exception of having the plaintiff pay filing fees through his prison employment by monthly installments). See Ivey v. Board of Regents, 673 F.2d 266, 269 (9th Cir. 1982).

2. Plaintiff as a pro-se litigant has experienced great difficulty in adequately presenting his allegations in the district court and needs competent counsel to help and assist him in presenting his case to this court in a uncomplicated manner. See Hendricks v. Coughlin, 114 F.3d 390 (2nd Cir. 1997).

3. Plaintiff did on several different occasions request appointment of counsel in the district court. The district court did, however, refer the plaintiff's case to the pro bono coordination department on February 1, 2007 only to enter a Order revoking appointment of pro bono counsel on April 24, 2007.

1.

4. Plaintiff again requested the district court citing <u>Weir v. Potter</u>, 214 F.Supp.2d 53 (D.Mass. 2002), to appoint him counsel because he met the criterion of financial hardship and exceptional circumstances.

5. Plaintiff further informed the district court that the exceptional circumstances included plaintiff's inability to investigate crucial facts; that plaintiff was unable to cross-examine defendants about conflicting evidence; that there were complex issues beyond plaintiff's capacity of law to perform; and that plaintiff was unable to interview certain witnesses involved in the matter. However, the motion was denied when the district court entered summary judgment for the defendants.

6. Further, at one point in the proceedings the district court ordered the defendants attorney to gather mail records on plaintiff's behalf from his institution. Plaintiff objected to this dual representation and informed the court that that was one of the reasons why he needed his own attorney.

7. The district court stated that there were two points concerning this matter. "One is that we cannot draft lawyers to represent you." "Second, the orders that have been given are orders of the court...." (See exhibit A).

8. Needless to say, the mail room records the defendants attorney submitted omitted any reference to the evidence plaintiff needed to further support his claims. Even though the outgoing and incoming institutional mail was recorded at the institution on a daily basis. This assignment by the district court was a clear conflict of interest and a fundamental unfairness impinging

on plaintiff's due process rights. Kilgo v. Ricks, 983 F.2d 189, 193 (11th Cir. 1993). See also DesRosiers v. Moran, 949 F2d at 24, (1st Cir. 1991), in that case the court stated: "DesRosiers must demonstrate that he was indigent and that exceptional circumstances were present such that a denial of counsel was likely to result in fundamental unfairness impinging on his due process rights." See paragraphs 1 thru 8 above.

9. Plaintiff's situation is also similar to that of Hendricks v. Coughlin, 114 F.3d 390 (2nd Cir. 1997). In that, Hendricks needed and requested the appointment of counsel to help him develope his claims and to perform other tasks beyond his control which that court denied. However, the appeals court reversed that decision citing that the district court did not properly exercise its discretion in denying Hendricks' appointment of counsel.

10. Plaintiff further believes that had he been represented by counsel there is a reasonable likelihood that counsel would have made a difference in the outcome of plaintiff's litigation.

For these foregoing reasons plaintiff request that counsel be appointed to represent the plaintiff's position to the Court in a clear and uncomplicated manner.

Respectfully Submitted,

*Shakir Maris Abdullah, Pro Se*
Shakir Maris Abdullah, Pro-Se
OCCC
One Administration Road
Bridgewater, MA. 02324

cc: Anne Sterman
    Mary O'Neil

Dated: March 28, 2008

3.

EXHIBIT A

```
 1   Clerk's Office, as appears to be the case, provided documents
 2   to him.  And then we'll see where that leads.
 3              MR. ABDULLAH:  Yes, Your Honor.
 4              THE COURT:  Okay.
 5              MR. ABDULLAH:  Yes, Your Honor.  Thank you very
 6   much.  Now, another issue that I have is that in the documents
 7   that the defendants have presented, they have stated that the
 8   two debentures came from me and that I sent them to the court.
 9   And I have pending before the Court a request for a subpoena to
10   issue to mostly CC's Superintendent Bernard Brady for all of my
11   incoming and outcoming mail because this would help to prove
12   that I have never sent those documents to the court.  What I do
13   have in my possession is the original letter that I received
14   from Izzo and I have the original content.  He only wrote me
15   one time.  And after that one time, someone within the court
16   had some discussion with him and discouraged him about
17   assisting me in my case.  So I have the original content which
18   I can prove that there are documents that they are saying I
19   sent to the court I have never sent to the court.  Now, in the
20   66 exhibits that the Commonwealth presented to me, they have in
21   there exhibits in which it has Mr. Izzo's name on it and it was
22   addressed to Francis Ford, the Clerk of Court, and it has
23   written on the outside a legal form, court donation.  I believe
24   that that is the actual exhibits in which they received that.
25   They received that in addition to the hundred thousand dollar
```

```
 1   application for a note that I sent them.  They received that in
 2   addition to that.  So, I never supplied anyone with that.  And
 3   that's my concern as far as what the trooper is saying that he
 4   received those documents from the Clerk of Court and they're
 5   saying that they received them from me because I never sent any
 6   of those items to the court.  And I have the original letter
 7   from Izzo.  I have the original content and what you have
 8   before you is only just a copy.  So I can prove, if you will
 9   issue a subpoena to OCCC for my incoming and outcoming records,
10   you will find that Mr. Izzo only wrote me once and that letter
11   that he sent me, I have in my possession.
12           THE COURT:  Okay.  Well, maybe what we can do is
13   have an affidavit from whoever at the facility who is in charge
14   of keeping the mail log --
15           MS. STERMAN:  At the Old Colony Correctional
16   Center?
17           THE COURT:  Right.
18           MS. STERMAN:  Okay.  Attesting to --
19           THE COURT:  Attesting to what the -- whatever the
20   log is of incoming and outgoing mail regarding Mr. Abdullah.
21           MS. STERMAN:  Okay.  Can we limit it to a specific
22   time frame?
23           THE COURT:  Yes.  I think the time frame that we're
24   talking about here is probably -- it's the December 2004 to May
25   2005, I would think, isn't it, Mr. Abdullah?
```

```
 1              MR. ABDULLAH:  Yes, sir.  Yes, Your Honor.
 2              THE COURT:  Okay.  So we'll use that.
 3              MS. STERMAN:  Okay.  So an affidavit from someone
 4   at the correctional center setting forth the log of mail --
 5              THE COURT:  Right.
 6              MS. STERMAN:  -- sent to and sent out, I guess, by
 7   Mr. Abdullah.
 8              THE COURT:  Right.  So we have a document that
 9   Mr. Abdullah can refer to in support of his either motion for
10   summary judgment or opposition to your motion for summary
11   judgment ultimately.  What else?
12              MR. ABDULLAH:  I think this is one reason, Your
13   Honor, why I need an attorney and I also need an investigator
14   because I'm at a disadvantage.
15              THE COURT:  Well, there isn't --
16              MR. ABDULLAH:  I can't --
17              THE COURT:  Just a moment, Mr. Abdullah.  There is
18   a disadvantage.  But the problem is that you have no right --
19   that is, a legal right -- to have counsel or an investigator
20   assigned to you in a civil case such as this, but we'll try to
21   do the best we can under the circumstances.
22              MR. ABDULLAH:  Yes, Your Honor.  In the motion that
23   I presented for appointment of counsel, I cited a couple of
24   cases in there.  One of them was Colby versus Riggs, 92 F.2d
25   183, and it speaks about the key as well as a pro se needs help
```

```
 1   in presenting the essential merits or his or her position to
 2   the court.
 3           THE COURT:  Right.
 4           MR. ABDULLAH:  And I believe -- I believe that
 5   there's a lot of inconsistencies that I think I have shown
 6   through all the motions that I have presented to you.  I'm not
 7   totally comfortable with allowing the defendant's attorney to
 8   represent me as well as them obtaining the things that I need.
 9           THE COURT:  Well, I understand that, Mr. Abdullah.
10   But there are two points.  One is that we cannot draft lawyers
11   to represent you.
12           MR. ABDULLAH:  Yes, Your Honor.
13           THE COURT:  An inquiry has been made to try to
14   obtain counsel for you and we'll continue to pursue that
15   through our pro se staff attorneys.
16           MR. ABDULLAH:  Yes, Your Honor.
17           THE COURT:  Second, the orders that I have given to
18   Ms. Sterman are orders of the court to --
19           MR. ABDULLAH:  Yes, Your Honor.
20           THE COURT:  -- provide this information.  And --
21           MR. ABDULLAH:  Yes, Your Honor.
22           THE COURT:  -- it calls for the preparation of
23   things that will be sworn under oath by the people who provide
24   the information.  But I'm trying to identify what it is that I
25   think you need and you think you need to go forward with this.
```